RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief, Civil Litigation and
Constitutional Defense

ANDREA H. NIELSEN, ISB #7763
Deputy Attorney General
Office of the Attorney General
P. O. Box 83720
Boise, ID  83720-0010
Telephone: (208) 334-2400
Fax: (208) 854-8073
lincoln.wilson@ag.idaho.gov
andrea.nielsen@ag.idaho.gov

*Attorneys for Defendants
David Jeppesen, in his official capacity
as the Director of the Idaho Department
of Health and Welfare, and Idaho
Department of Health and Welfare*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MH and TB, individually,<br><br>     Plaintiffs,<br><br>v.<br><br>DAVID JEPPESEN, in his official capacity as the Director of the Idaho Department of Health and Welfare; DR. MAGNI HAMSO, in her official capacity as the Medical Director of the Idaho Division of Medicaid and individually; and the IDAHO DEPARTMENT OF HEALTH AND WELFARE,<br><br>     Defendants. | Case No. 1:22-cv-00409-REP<br><br>**ANSWER OF DEFENDANTS DAVID JEPPESEN AND IDAHO DEPARTMENT OF HEALTH AND WELFARE** |

Defendants David Jeppesen and Idaho Department of Health and Welfare (IDHW) hereby answer the complaint and assert affirmative defenses in this matter as follows:[1]

## ANSWER

### RESPONSE TO "INTRODUCTION"

1. Defendants deny the allegations in paragraph 1.

2. Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 2 and therefore denies same except that Plaintiff receives health coverage from the Idaho Medicaid program.

3. Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 3 and therefore denies same except that Plaintiff TB receives health coverage from the Idaho Medicaid program.

4. This paragraph is admitted.

5. The allegations of paragraph 5 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 5.

6. Defendants deny the allegations of paragraph 6.

---

[1] This answer is not submitted on behalf of Defendant Dr. Magni Hamso, since all proceedings against her are automatically stayed as a consequence of her appeal as to the Court's denial of qualified immunity. *See Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) (cited in *Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915 (2023)); *Lum v. County of San Joaquin*, No. CIV. S-10-1807 LKK/DAD, 2012 WL 2090322, at *1 (E.D. Cal. June 8, 2012); *Burgan v. Nixon*, No. CV 16-61-BLG-CSO, 2016 WL 6584478, at *3 (D. Mont. Nov. 7, 2016); *Peck v. County of Orange*, 528 F. Supp. 3d 1100, 1106–07 (C.D. Cal. 2021).

7. Defendants deny the allegations of paragraph 7.

8. Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 8 and therefore denies same.

9. Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 9 and therefore denies same.

10. Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 10 and therefore denies same.

11. Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 11 and therefore denies same.

12. Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 12 and therefore denies same.

13. Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 13 and therefore denies same.

14. Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 14 and therefore denies same except that MH was denied authorization of the surgery, appealed, and was again denied surgery.

15. Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 15 and therefore denies same.

16. Defendants deny the allegations of paragraph 16.

17. Defendants deny the allegations of paragraph 17.

18. Defendants deny the allegations of paragraph 18.

19.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 19 and therefore denies same except that TB requested prior authorization for surgery and was denied coverage by Idaho Medicaid.

20.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 20 and therefore denies same.

21.   Defendants deny the allegations of paragraph 21.

22.   Defendants deny the allegations of paragraph 22.

### RESPONSE TO "PARTIES"

23.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 23 and therefore denies same except that Plaintiff MH is enrolled in Idaho Medicaid.

24.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 24 and therefore denies same except that Plaintiff TB is enrolled in Idaho Medicaid and is an Idaho resident.

25.   Defendants deny the allegations of paragraph 25 except that Defendant Jeppesen is the Director of the Idaho Department of Health and Welfare and Idaho Medicaid provides coverage to eligible persons.

26.   Defendants deny the allegations of paragraph 26 except that Defendant Hamso is a licensed Idaho physician and presently employed as the Medical Director for the Division of Medicaid.

27.   Defendants deny the allegations of paragraph 27 except that Idaho Code § 56-1002 speaks for itself.

28. Defendants deny the allegations of paragraph 28.

### RESPONSE TO "JURISDICTIONAL AND VENUE"

29. Defendants admit that jurisdiction is proper.

30. Defendants deny the allegations of paragraph 30 except that the cited federal statutes and rules speak for themselves.

31. Defendants deny the allegations of paragraph 31 except that he admits that venue is proper.

### RESPONSE TO "FACTS"

32. Defendants deny the allegations of paragraph 32.

33. Defendants deny the allegations of paragraph 33.

34. Defendants deny the allegations of paragraph 34.

35. Defendants deny the allegations of paragraph 35.

36. Defendants deny the allegations of paragraph 36.

37. Defendants deny the allegations of paragraph 37.

38. The allegations of paragraph 38 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 38.

39. The allegations of paragraph 39 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 39.

40.  The allegations of paragraph 40 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 40.

41.  The allegations of paragraph 41 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 41.

42.  The allegations of paragraph 42 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 42.

43.  The allegations of paragraph 43 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 43.

44.  The allegations of paragraph 44 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 44.

45.  The allegations of paragraph 45 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 45.

46.  The allegations of paragraph 46 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 46.

47.  The allegations of paragraph 47 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 47.

48.  The allegations of paragraph 48 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 48.

49.  The allegations of paragraph 49 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 49.

50.  The allegations of paragraph 50 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 50.

51.  The allegations of paragraph 51 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 51.

52.  The allegations of paragraph 52 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 52.

53.  The allegations of paragraph 53 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 53.

54.  The allegations of paragraph 54 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 54.

55.  The allegations of paragraph 55 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 55.

56.  The allegations of paragraph 56 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 56.

57.  The allegations of paragraph 57 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 57.

58.  The allegations of paragraph 58 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 58.

59.  Defendants deny the allegations of paragraph 59 except that the cited federal statutes speak for themselves.

60.  Defendants deny the allegations of paragraph 60 except that the cited federal statutes and regulations speak for themselves.

61.  Defendants deny the allegations of paragraph 61 except that Idaho and other states participate in Medicaid.

62.  Defendants deny the allegations of paragraph 62 except that the cited federal statute speaks for itself.

63.  Defendants deny the allegations of paragraph 63 except that the cited federal statutes speak for themselves.

64.  Defendants deny the allegations of paragraph 64.

65.  Defendants deny the allegations of paragraph 65 except that the cited federal statutes speak for themselves.

66.  Defendants deny the allegations of paragraph 66 except that the cited federal statutes speak for themselves.

67.  Defendants deny the allegations of paragraph 67 except that the cited federal regulations speak for themselves.

68.  Defendants deny the allegations of paragraph 68 except that the cited federal statutes and regulations speak for themselves.

69.  Defendants deny the allegations of paragraph 69 except that the cited federal statutes speak for themselves.

70.  Defendants deny the allegations of paragraph 70 except that the cited federal statutes and regulations speak for themselves.

71.  Defendants deny the allegations of paragraph 71 except that the cited federal statutes speak for themselves.

72.  Defendants deny the allegations of paragraph 72 except that the cited federal statutes and regulations speak for themselves.

73.  Defendants deny the allegations of paragraph 73 except that the cited federal regulations speak for themselves.

74.  Defendants deny the allegations of paragraph 74 except that the cited federal regulation speaks for itself.

75.  Defendants deny the allegations of paragraph 75 except that the cited federal regulation speaks for itself.

76.  Defendants deny the allegations of paragraph 76 except that the cited federal regulations speak for themselves.

77.  The Defendants admit paragraph 77.

78.  The Defendants admit paragraph 78.

79.  Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 79 and therefore denies same except that the cited provisions of the Federal Register speak for themselves.

80.  Defendants deny the allegations of paragraph 80 except that the cited Idaho statutes and rules speak for themselves.

81.  Defendants deny the allegations of paragraph 81.

82.  Defendants deny the allegations of paragraph 82 except that the cited Idaho statute speaks for itself.

83.  Defendants deny the allegations of paragraph 83 except that the cited Idaho regulations speak for themselves.

84.  Defendants admit only the quotes attributed to Defendant Jeppesen and denies all other allegations and inferences contained in paragraph 84.

85.  Defendants deny the allegations of paragraph 85.

86.  Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 86 and therefore denies same.

87.  Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 87 and therefore denies same.

88.  Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 88 and therefore denies same.

89.  Defendants admit the allegations of paragraph 89.

90.  Defendants deny the allegations of paragraph 90 except that the cited Idaho regulations speak for themselves.

91.  Defendants deny the allegations of paragraph 91 except that the cited Idaho regulations speak for themselves.

92.  Defendants deny the allegations of paragraph 92 except that the cited Idaho regulations speak for themselves.

93.  Defendants deny the allegations of paragraph 93 except that the cited Idaho regulations speak for themselves.

94.  Defendants deny the allegations of paragraph 94 except that the cited Idaho regulations speak for themselves.

95.  Defendants deny the allegations of paragraph 95 except that the cited Idaho regulations speak for themselves.

96.  Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 96 and therefore denies same.

97.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 97 and therefore denies same.

98.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 98 and therefore denies same.

99.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 99 and therefore denies same.

100.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 100 and therefore denies same.

101.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 101 and therefore denies same.

102.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 102 and therefore denies same.

103.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 103 and therefore denies same.

104.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 104 and therefore denies same.

105.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 105 and therefore denies same.

106.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 106 and therefore denies same except that MH is enrolled and receives coverage from Idaho Medicaid.

107. Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 107 and therefore denies same.

108. Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 108 and therefore denies same.

109. Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 109 and therefore denies same.

110. Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 110 and therefore denies same.

111. Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 111 and therefore denies same.

112. Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 112 and therefore denies same.

113. Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 113 and therefore denies same.

114. Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 114 and therefore denies same.

115. The allegations of paragraph 115 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 115.

116. The allegations of paragraph 116 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 116.

117.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 117 and therefore denies same.

118.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 118 and therefore denies same.

119.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 119 and therefore denies same.

120.   Defendants deny the allegations of paragraph 120 except that the cited documents speak for themselves.

121.   Defendants deny the allegations of paragraph 121 except that the cited Idaho regulations speak for themselves.

122.   Defendants admit the allegations of paragraph 122.

123.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 123 and therefore denies same.

124.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 124 and therefore denies same.

125.   Defendants admit the allegations of paragraph 125.

126.   Defendants admit the allegations of paragraph 126.

127.   Defendants deny the allegations of paragraph 127 except that the cited documents speak for themselves.

128.   Defendants deny the allegations of paragraph 128 except that the cited documents speak for themselves.

129.  Defendants deny the allegations of paragraph 129 except that the cited documents speak for themselves.

130.  Defendants deny the allegations of paragraph 130 except that the cited documents speak for themselves.

131.  Defendants deny the allegations of paragraph 131 except that the cited documents speak for themselves.

132.  Defendants deny the allegations of paragraph 132 except that the cited documents speak for themselves.

133.  Defendants deny the allegations of paragraph 133 except that the cited documents speak for themselves.

134.  Defendants deny the allegations of paragraph 134 except that the cited documents speak for themselves.

135.  Defendants admit the allegations in paragraph 135.

136.  Defendants deny the allegations in paragraph 136 except that the hearing officer's findings speak for themselves.

137.  Defendants deny the allegations in paragraph 137 except that the hearing officer's findings speak for themselves.

138.  Defendants deny the allegations in paragraph 138 except that the hearing officer's findings speak for themselves.

139.  Defendants deny the allegations in paragraph 139 except that the hearing officer's findings speak for themselves.

140. Defendants deny the allegations in paragraph 140 except that the hearing officer's findings speak for themselves.

141. Defendants deny the allegations in paragraph 141 except that the hearing officer's findings speak for themselves.

142. Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 142 and therefore denies same.

143. Defendants admit the allegations of paragraph 143.

144. Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 144 and therefore denies same.

145. Defendants deny the allegations of paragraph 145 except that the cited documents speak for themselves.

146. Defendants deny the allegations of paragraph 146 except that the cited documents speak for themselves.

147. Defendants deny the allegations of paragraph 147 except that the cited documents speak for themselves.

148. Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 148 and therefore denies same.

149. Defendants deny the allegations of paragraph 149 except that the cited documents speak for themselves.

150. Defendants deny the allegations of paragraph 150 except that the cited documents speak for themselves.

151.  Defendants deny the allegations of paragraph 151 except that the cited documents speak for themselves.

152.  Defendants deny the allegations of paragraph 152 except that the cited documents speak for themselves.

153.  Defendants deny the allegations of paragraph 153 except that the cited documents speak for themselves.

154.  Defendants deny the allegations of paragraph 154.

155.  Defendants deny the allegations of paragraph 155.

156.  Defendants deny the allegations of paragraph 156.

157.  Defendants deny the allegations of paragraph 157.

158.  Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 158 and therefore denies same.

159.  Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 159 and therefore denies same.

160.  Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 160 and therefore denies same.

161.  Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 161 and therefore denies same.

162.  Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 162 and therefore denies same.

163.  Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 163 and therefore denies same.

164.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 164 and therefore denies same.

165.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 165 and therefore denies same.

166.   The allegations of paragraph 166 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 166.

167.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 167 and therefore denies same.

168.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 168 and therefore denies same.

169.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 169 and therefore denies same.

170.   Defendants deny the allegations of paragraph 170 except that the cited documents speak for themselves.

171.   Defendants deny the allegations of paragraph 171 except that the cited documents speak for themselves.

172.   Defendants deny the allegations of paragraph 172 except that the cited documents speak for themselves.

173.   Defendants deny the allegations of paragraph 173 except that the cited documents speak for themselves.

174.  Defendants deny the allegations of paragraph 174 except that the cited documents speak for themselves.

175.  Defendants deny the allegations of paragraph 175 except that the cited documents speak for themselves.

176.  Defendants deny the allegations of paragraph 176 except that the cited documents speak for themselves.

177.  Defendants deny the allegations of paragraph 177 except that the cited documents speak for themselves.

178.  Defendants deny the allegations of paragraph 178 except that the cited documents speak for themselves.

179.  Defendants deny the allegations of paragraph 179 except that the cited documents speak for themselves.

180.  Defendants deny the allegations of paragraph 180 except that the cited documents speak for themselves.

181.  Defendants deny the allegations of paragraph 181 except that the cited documents speak for themselves.

182.  Defendants deny the allegations of paragraph 182 except that the cited documents speak for themselves.

183.  Defendants deny the allegations of paragraph 183 except that the cited documents speak for themselves.

184.  Defendants deny the allegations of paragraph 184 except that the cited documents speak for themselves.

185.  Defendants deny the allegations of paragraph 185 except that the cited documents speak for themselves.

186.  Defendants deny the allegations of paragraph 186 except that the cited documents speak for themselves.

187.  Defendants deny the allegations of paragraph 187 except that the cited documents speak for themselves.

188.  The allegations of paragraph 188 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 188.

## RESPONSE TO "FIRST CLAIM FOR RELIEF"

189.  Paragraph 189 contains no factual assertions to admit or deny and no response is required.

190.  Defendants deny the allegations of paragraph 190 except that the cited federal statutes speak for themselves.

191.  Defendants deny the allegations of paragraph 191 except that the cited federal statutes speak for themselves.

192.  Defendants deny the allegations of paragraph 192 except that the cited federal statutes speak for themselves.

193.  Defendants deny the allegations of paragraph 193.

## RESPONSE TO "SECOND CLAIM FOR RELIEF"

194.  Paragraph 194 contains no factual assertions to admit or deny and no response is required.

195.  Defendants deny the allegations of paragraph 195.

196.  Defendants deny the allegations of paragraph 196.

197.  Defendants deny the allegations of paragraph 197.

198.  Defendants deny the allegations of paragraph 198.

199.  Defendants deny the allegations of paragraph 199.

### RESPONSE TO "THIRD CLAIM FOR RELIEF"

200.  Paragraph 200 contains no factual assertions to admit or deny and no response is required.

201.  Defendants deny the allegations of paragraph 201.

202.  Defendants deny the allegations of paragraph 202.

203.  Defendants deny the allegations of paragraph 203.

204.  Defendants deny the allegations of paragraph 204.

205.  Defendants deny the allegations of paragraph 205.

### RESPONSE TO "FOURTH CLAIM FOR RELIEF"

206.  Paragraph 206 contains no factual assertions to admit or deny and no response is required.

207.  Defendants deny the allegations of paragraph 207.

208.  Defendants deny the allegations of paragraph 208.

209.  Defendants deny the allegations of paragraph 209.

210.  Defendants deny the allegations of paragraph 210.

211.  Defendants deny the allegations of paragraph 211.

212.  Defendants deny the allegations of paragraph 212.

213.  Defendants deny the allegations of paragraph 213.

### RESPONSE TO "FIFTH CLAIM FOR RELIEF"

214.  Paragraph 214 contains no factual assertions to admit or deny and no response is required.

215.  Defendants deny the allegations of paragraph 215 except that the cited federal statute speaks for itself.

216.  Defendants deny the allegations of paragraph 215 except that the cited federal statutes and regulations speak for themselves.

217.  Defendants deny the allegations of paragraph 217.

218.  Defendants deny the allegations of paragraph 218.

219.  Defendants deny the allegations of paragraph 219.

220.  Defendants deny the allegations of paragraph 220.

221.  Defendants deny the allegations of paragraph 221.

### RESPONSE TO "SIXTH CLAIM FOR RELIEF"

222.  Paragraph 222 contains no factual assertions to admit or deny and no response is required.

223.  Defendants deny the allegations of paragraph 223 except that the U.S. Constitution speaks for itself.

224.  Defendants deny the allegations of paragraph 224 except that the cited federal statutes speak for themselves.

225.  Defendants deny the allegations of paragraph 225.

226.  Defendants deny the allegations of paragraph 226.

227.  Defendants deny the allegations of paragraph 227.

228.  Defendants deny the allegations of paragraph 228.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Defendants are entitled to sovereign immunity from suit.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint, and each purported cause of action, is barred to the extent that Plaintiffs lack standing to assert these claims.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiffs have failed to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs failed to exhaust their administrative remedies and are therefore precluded from relief under the alleged causes of action.

### FIFTH AFFIRMATIVE DEFENSE

The Defendants are entitled to qualified or absolute immunity.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiffs claims are inconsistent with an issue of state law.'

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for relief.

### RESERVATION OF DEFENSES

Defendants reserve the right to supplement these defenses with any additional defenses that subsequently become available during discovery or at trial.

## PRAYER FOR RELIEF

The Defendants pray for the relief that Plaintiffs' Complaint be dismissed with prejudice, that Plaintiffs take nothing by this action, that Judgment be entered in favor of Defendants and against Plaintiffs, that Defendants are awarded costs of suit and attorney fees, and such other relief as the Court deems just.

DATED:  July 27, 2023.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

By: _/s/ Lincoln Davis Wilson_
      LINCOLN DAVIS WILSON
      Chief, Civil Litigation
      and Constitutional Defense

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 27, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent of Notice of Electronic Filing to the following parties:

Howard A. Belodoff
Idaho Legal Aid
howardbelodoff@idaholegalaid.org

Jane Gordon
Jane Gordon Law
jane@janegordonlaw.com

/s/ *Lincoln Davis Wilson*
LINCOLN DAVIS WILSON
Chief, Civil Litigation and
Constitutional Defense
