Howard A. Belodoff, ISB # 2290
Idaho Legal Aid Services, Inc.
1447 S. Tyrell Lane
Boise, ID 83706
Tel: (208) 807-2496 Fax: (208) 342-2561
howardbelodoff@idaholegalaid.org

Jane Gordon, ISB # 9243
Jane Gordon Law
1004 West Fort Street
Boise ID 83702
Tel: (208) 371-4747; Fax: (208) 807-2290
Jane@JaneGordonLaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| MH and TB, individually,<br><br>    Plaintiffs,<br><br>    vs.<br><br>DAVE JEPPESEN, in his official capacity as the Director of the Idaho Department of Health and Welfare; Dr. MAGNI HAMSO, in her official capacity as the Medical Director of the Idaho Division of Medicaid and individually; and the IDAHO DEPARTMENT OF HEALTH AND WELFARE,<br><br>    Defendants. | CASE NO. 1:22-CV-409-REP<br><br>PLAINTIFFS' MOTION FOR LEAVE TO FILE OVERLENGTH BRIEF [DKT 50] |

Plaintiffs MH and TB, by and through their attorneys, Howard A. Belodoff of Idaho Legal Aid Services, Inc., and Jane Gordon of Jane Gordon Law, hereby move this Court, pursuant to Dist. Idaho Loc. Civ. R. 7.1, for leave to file their Response to Defendants' Motion for Certification of Interlocutory Appeal [Dkt 50] that exceeds the page limitation. The Plaintiffs' Response is 26 pages, excluding the caption page, Table of Contents, and Table of

PLAINTIFFS' MOTION FOR LEAVE TO FILE OVERLENGTH BRIEF [DKT 50]– Page 1

Authorities. *See* attached.

Defendants' filed a Motion to Dismiss Plaintiffs' Equal Protection and Due Process claims. Dkt.19. The Court issued a Memorandum Decision and Order denying Dr. Hamso qualified immunity on Plaintiffs' Equal Protection and Due Process claims. Dkt. 36. Defendants filed a Notice of Appeal seeking an interlocutory appeal from the denial of qualified immunity on Plaintiffs' claims under Equal Protection and Due Process. Dkt 40. Defendants filed a Motion for Certification of Interlocutory Appeal contending that the requirements of 28 U.S.C. § 1292(b) have been met and requesting the Court certify an interlocutory appeal of all claims and the issuance a stay of the entire case pending a decision on the appeal. Dkt. 50-1.

Defendants' Motion relied upon fifty-one cases addressing the standard and grounds for certifying an interlocutory appeal of all Plaintiffs' claims including the statutory claims for equitable relief, which were not subject to the claim of qualified immunity, all claims against Defendant Jeppesen, and requested a stay of the entire action. Plaintiffs' response required extensive research of cases cited by Defendants and other cases in opposition to the Motion that Plaintiffs contend are controlling from the United States Supreme Court, Ninth Circuit Court of Appeals, the Idaho District Court, and other circuit and district courts. The arguments made by Defendants required Plaintiffs to address the merits of the Equal Protection and Due Process claims , the requirements for interlocutory appeal under of the 28 U.S.C. § 1292(b), and Defendants' request for a stay of the entire proceeding during the appeal. This required the Plaintiffs to present extensive case law not addressed by Defendants, the relevant factual allegations, and the Court's analysis of the factual and legal issues for the denial of the Motion to Dismiss. Plaintiffs limited the number of excess pages by eliminating unnecessary wording or citations to the Complaint or case law but were unable to comply with the 20-page limit without

PLAINTIFFS' MOTION FOR LEAVE TO FILE OVERLENGTH BRIEF [DKT 50]– Page 2

removing substantive discussion of the facts and legal issues. Plaintiffs believe in good faith the excess pages are necessary to provide the Court with the relevant legal analysis raised by the Defendants' arguments.

DATED: August 29, 2023.

                                        IDAHO LEGAL AID SERVICES, INC.

                                      /s/ Howard A. Belodoff
                                      Howard A. Belodoff

                                        Attorneys for Plaintiffs