RAÚL R. LABRADOR
ATTORNEY GENERAL

LINCOLN DAVIS WILSON, ISB #11860
Chief, Civil Litigation and
Constitutional Defense
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Fax: (208) 854-8073
lincoln.wilson@ag.idaho.gov

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| MH and TB, individually,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>DAVID JEPPESEN, in his official capacity as the Director of the Idaho Department of Health and Welfare, et al.,<br><br>　　　　　　Defendants. | Case N. 1:22-cv-00409-REP<br><br>**REPLY IN SUPPORT OF MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL AND STAY PENDING APPEAL** |

**INTRODUCTION**

Since the filing of this motion, intervening decisions of the courts of appeals have shown even more need for interlocutory appellate review of the entirety of the Court's Order. The circuit conflict over the application of *Geduldig v. Aiello*, 417 U.S. 484, 487 (1974), has deepened, with the Eleventh Circuit joining the Sixth in the view that state regulation of medical procedures concerning gender dysphoria does not constitute a classification that triggers equal protection scrutiny. *Eknes-Tucker v. Gov. of Ala.,* ___ F.4th ___, 2023 WL 5344981 (11th Cir. Aug. 21, 2023); *L.W. v. Skrmetti*, 73 F.4th 408 (6th Cir. 2023). Meanwhile, the Ninth Circuit, addressing a different question related to gender dysphoria and sports competition, has issued a new opinion clarifying the application of heightened scrutiny but leaving other questions open. *Hecox v. Little,* ___F.4th___, 2023 WL 5283127 (9th Cir. Aug. 17, 2023). Not only that, but its decision is subject to two en banc petitions to which the Court has called for a response. In short, these questions are hotly debated in the appellate courts as a matter of law in a variety of recent decisions and ongoing proceedings.

This is precisely the sort of situation in which interlocutory review is appropriate. That is especially true because these same questions are already on appeal to the Ninth Circuit in the context of the Court's ruling as to qualified immunity. Plaintiffs offer little ground to engage in wasteful discovery proceedings on those same questions in this Court while they are pending review in the Ninth Circuit. Instead, the Court should certify its entire Order for interlocutory appeal and stay proceedings in this Court pending appeal.

REPLY IN SUPPORT OF MOTION FOR CERTIFICATION OF INTERLOCUTORY
APPEAL AND STAY PENDING APPEAL – 1

**ARGUMENT**

**I.     The Court's order meets the criteria for certification under § 1292(b).**

**A. There are substantial grounds to dispute controlling questions of law.**

Certification for interlocutory appeal requires only one controlling question of law. "So long as a pure legal question is identified, … an order can be certified for appeal to resolve all questions 'material to the order.'" *TCL Comms. Tech. Holdings Ltd. v. Telefonaktenbologet LM Ericsson*, No. SACV 14-00341-JVS, 2014 WL 12588293 at *3 (C.D. Cal. 2014) (quoting *Steering Comm. v. United States*, 6 F.3d 572, 576 (9th Cir. 1993)). Because the Court's Order ruled on Rule 12(b)(6) as to the legal sufficiency of the pleading, all the questions are pure legal questions, and those questions are necessarily controlling: whether or not Plaintiffs' lawsuit may proceed. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580–81 (9th Cir. 1983); *Assoc. of Irritated Residents v. Fred Schakel Dairy*, 634 F.Supp.2d 1081, 1089 (E.D. Cal. 2008) (citing *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2nd. Cir. 1990)). The only issue is whether there are substantial grounds to dispute the Court's ruling on those questions.

Plaintiffs' briefing shows that substantial grounds exist for a difference of opinion as to not just one question of law, but three. They acknowledge the standard under *Couch v. Telescope Inc.*, 611 F.3d 629 (9th Cir. 2010), for proving controlling questions of law as to which there are substantial grounds for a difference of opinion. As Plaintiffs explain, courts will generally find this standard met if "the circuit courts are in dispute and the court of appeals has not ruled on the issue previously" or "first-

REPLY IN SUPPORT OF MOTION FOR CERTIFICATION OF INTERLOCUTORY
APPEAL AND STAY PENDING APPEAL – 2

impression questions that are novel and difficult are at issue." Dkt. 57 at 5 (citing *Couch*, 611 F.3d at 633). And that standard is readily met here: decisions of the courts of appeals conflict with the Court's application of *Geduldig* and the Court's rulings on the level of scrutiny and due process present novel and difficult questions.

1. **The courts of appeals apply *Geduldig* contrary to the Court's order.**

The touchstone rationale for certification is disagreement among the circuits on a question of law that the Ninth Circuit has yet to address. *Couch*, 611 F.3d at 633. This Court's application of *Geduldig* to a question of state insurance coverage in the gender dysphoria context is a textbook example. This Court's holding that the sex-pregnancy distinction made by *Geduldig* does not apply here runs contrary to the reasoning of two circuit courts that have considered whether regulation of treatments for gender dysphoria constitutes a classification for purposes of equal protection.

Most recently, the Eleventh Circuit considered whether a prohibition on both hormone and surgical treatments for gender dysphoria constituted a violation of due process and equal protection. *Eknes-Tucker*, 2023 WL 5344981 at *17. The Eleventh Circuit held that, even assuming that transgender status was a protected class, that unless the classification was a mere pretext, that such treatments were permissibly regulated. Such a classification is based on "target[ing] specific medical interventions" for a particular condition, not the class to whom the condition applies.[1] *Id.* at

---

[1] Incidentally, this holding has the effect of overturning the contrary reasoning of the District Court in *Doe v. Ladapo*, cited by Plaintiffs, which held that *Geduldig* did not apply to such treatments. *See* ___ F.Supp.3d ___, 2023 WL 3833848 at *10 (N.D. Fla.

REPLY IN SUPPORT OF MOTION FOR CERTIFICATION OF INTERLOCUTORY
APPEAL AND STAY PENDING APPEAL – 3

\*15. Further, the Court noted that the mere fact that the statute mentioned "sex" was not relevant to an equal protection analysis: "the statute refers to sex only because the medical procedures that it regulates—puberty blockers and cross-sex hormones as a treatment for gender dysphoria—are themselves sex-based." *Id.* at \*16. It would, of course, be difficult to regulate such treatments without reference to sex, even as an adjective. *Id.* An injunction on an equal protection theory would "not require the government to treat boys and girls the same," but rather "merely force Alabama to either ban puberty blockers and hormones for all purposes or allow them for all purposes." *Id.* at \*20 (Brasher, J., concurring).

The Sixth Circuit did the same in *L.W.* It also applied *Geduldig* for the proposition that the regulation of medical procedures relating to gender dysphoria does not trigger heightened scrutiny: "If a law restricting a medical procedure that applies only to women does not trigger heightened scrutiny, as in *Dobbs*, a law equally applicable to all minors, no matter their sex at birth, does not require such scrutiny either." 73 F.4th at 419. Plaintiffs attempt to distinguish *L.W.* on the basis of its procedural posture and the fact that it relates to minors, but neither of those grounds addresses its fundamental legal reasoning applying *Geduldig*.

These holdings clash directly with the Court's reasoning that Plaintiffs could state a claim for proxy discrimination based on mere disparate impact, Dkt. 36 at 2, or facial discrimination based on the words used to describe the policy. *Id.* The

---

June 6, 2023). In turn, it stands in accord with the reasoning of *Lange v. Houston*, 499 F.Supp.3d 1258 at 1275–76 (M.D. Ga. 2020). *See* Dkt. 36 at 21.

REPLY IN SUPPORT OF MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL AND STAY PENDING APPEAL – 4

Court's analysis of proxy discrimination was directed at the disparate impact of the policy, which the Eleventh Circuit addressed and rejected. *Eknes-Tucker*, 2023 WL 5344981 at *17 (discussing *Geduldig* as reaffirmed by *Dobbs v. Jackson Women's Health Org.*, 597 U.S. ___, 142 S. Ct. 2228, 2245–46 (2022)). That conflict shows there are substantial grounds to dispute the Court's holding on this theory.

The Ninth Circuit's decision in *Hecox v. Little* is not to the contrary. *Hecox*, of course, has nothing to do with health care—it concerned a policy that facially distinguished on the basis of biological sex as the state conceded. 2023 WL 5283127, at *7. It also concerned a policy that made express reference to biological sex, and provided for special protections and challenge mechanisms for women's sports, but not men's. *Id.* at *18–20. That the Ninth Circuit did not apply *Geduldig* in *Hecox* in those circumstances says nothing of how it applies here in the context of decisions about medical care, which is directly parallel to *Geduldig*. Thus, the question of how such laws are evaluated under equal protection, while resolved in the Sixth and Eleventh Circuits, remains open in the Ninth.

That matters even more in the light of the Ninth Circuit's decision in *Doe v. Snyder,* 28 F.4th 103 (9th Cir. 2022). There, the Ninth Circuit did not address *Geduldig*, but it did rule that a district court properly denied a preliminary injunction against a similar state insurance program that disallowed coverage of certain treatments for gender dysphoria. 28 F.4th 103, 114 (9th Cir. 2022). Since the Ninth Circuit has denied the same ultimate relief that Plaintiffs seek and not addressed the

REPLY IN SUPPORT OF MOTION FOR CERTIFICATION OF INTERLOCUTORY
APPEAL AND STAY PENDING APPEAL – 5

application of *Geduldig*, the contrary decisions of the Sixth and Eleventh Circuits on this matter warrant interlocutory review of the Court's Order.

### 2. The level of scrutiny and due process are novel and difficult issues.

The standards of section 1292(b) are also easily satisfied as two other questions of law: one as to the level of scrutiny and two as to Plaintiffs' due process claims.

*First*, the Court's ruling as to the level of scrutiny presents novel and difficult questions. While the Ninth Circuit's decision in *Hecox* now conclusively establishes (pending en banc review) that gender dysphoria classifications are subject to intermediate scrutiny, *see Hecox*, 2023 WL 5283127, at *11-12, it leaves open the question raised by Defendants of what standard applies when state law decides how to allocate benefits to those within that classification. Dkt. 50-1 at 12. Plaintiffs do not respond to that argument, much less attempt to argue that it does not present a novel and difficult question.

Indeed, it plainly does. As Defendants' briefing shows, even if a *class* is subject to additional scrutiny, that does not mean that every *policy* that does not go far enough in satisfaction of the needs of the class is equally scrutinized. "[R]eform may take one step at a time" and "[t]he legislature may select one phase of one field and apply a remedy there, neglecting the others." *Williamson v. Lee Optical of Okla.*, 348 U.S. 483, 489 (1955) (citations omitted). Just as the "mere mention of the term 'race' does not automatically invoke the 'strict scrutiny' standard or render the term 'Hawaiian' unconstitutional," *Hoohuli v. Ariyoshi*, 631 F. Supp. 1153, 1159, n.23 (D. Haw.

REPLY IN SUPPORT OF MOTION FOR CERTIFICATION OF INTERLOCUTORY
APPEAL AND STAY PENDING APPEAL – 6

1986), so too does the invocation of the term "gender dysphoria" not trigger heightened scrutiny when what is at issue is the boundary of the State's "largesse." *Id.* at 1160. Here, Idaho has chosen as a matter of policy to pay for certain treatments to people with gender dysphoria, but not for others. Yet Plaintiffs' footnote response on this point fails to engage with this reasoning at all. *See* Dkt. 57 at 18–19, n.12. It presents no ground to deny certification.

*Second*, the Court's ruling on Plaintiffs' due process claims also presents novel and difficult questions. The Court reasoned from the "property interest in continuing to receive government benefits" under *Goldberg v. Kelly*, 397 U.S. 254 (1970), to find a protected property interest in "genital reconstruction surgery … when medically necessary." Dkt. 36 at 31–32. That holding breaks new legal ground in this Circuit and thus presents a novel and difficult question. Plaintiffs mistakenly argue this issue is not proper for certification because Defendants "offer no controlling cases supporting their legal theory." Dkt. 57 at 20. A "controlling question of law" does not mean "requires controlling legal authority." To the contrary, *Couch* recognizes an interlocutory appeal where there is an *absence* of controlling legal authority: when an order presents a difficult and novel question. 611 F.3d at 633. That is exactly the case here.

**B. Immediate appeal will materially advance the end of this litigation.**

The Ninth Circuit has recognized that interlocutory review of a denial of a motion to dismiss based on the legal sufficiency of the complaint meets the requirement of materially advancing the termination of the litigation. *Fortyune v. City of Lomita*,

766 F.3d 1098, 1101 n.2 (9th Cir. 2014); *accord Klinghoffer*, 921 F.2d at 25.  As the Ninth Circuit has explained, the possibility that reversal by the court of appeals "may" take certain claims or certain defendants "out of the case … is sufficient to advance materially the litigation." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).  The same is equally true here.

Plaintiffs oppose this element primarily on the ground that discovery has not been completed.  Dkt. 57 at 20–22.  At first, this is irrelevant—what discovery may or may not show does not matter to whether Plaintiffs have even stated cognizable claims for relief.  And second, this actually underscores why interlocutory review is appropriate: it will avoid the need for taking extensive document and deposition discovery that may be unnecessary if Plaintiffs lack a valid legal theory.  And that is all the more warranted since Dr. Hamso's appeal as to the same questions will proceed anyway, and Ninth Circuit caselaw demands that the appeal be automatically stayed as to her in the interim.  *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992).  There is no sense in conducting discovery at this time when a key party and witness is insulated from participating in her pending appeal.

Plaintiffs confuse the role of Dr. Hamso's appeal on this motion.  They say that "[e]ven if Defendants certify a successful appeal on qualified immunity against Dr. Hamos, [sic] they do not show how it would ultimately terminate the Equal Protection and Due Process claims for equitable relief." Dkt. 57 at 21.  But Defendants are not trying to certify an appeal as to Dr. Hamso—Dr. Hamso has already taken that appeal as of right.  *Mitchell v. Forsyth*, 472 U.S. 511 (1985).  And the issues on that

REPLY IN SUPPORT OF MOTION FOR CERTIFICATION OF INTERLOCUTORY
APPEAL AND STAY PENDING APPEAL – 8

appeal—whether Plaintiffs pled cognizable equal protection and due process claims against Dr. Hamso—are the very same issues that govern those claims as to the other defendants. The possibility that an appeal will dispose of those claims as to any or all defendants warrants certification.

## II. The Court should grant a stay pending appeal.

The Court should grant a stay of proceedings no matter whether it certifies an interlocutory appeal. If the Court grants certification of the appeal, then a stay will promote the "orderly course of justice" in terms of complicating or simplifying the case and prevent hardship to Defendants through extensive discovery as to claims that may be legally insufficient. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. American Co.*, 299 U.S. 248, 254–55 (1936)). And the Court should also stay proceedings even if it does not grant certification, since it makes little sense to proceed with that discovery while proceedings are automatically stayed against Dr. Hamso, a key witness and party with whom the claims against the other defendants are "intertwined." *Peck v. County of Orange*, 528 F. Supp. 3d 1100, 1106–07 (C.D. Cal. 2021).

Plaintiffs talk past these arguments and focus on other considerations, but to no avail. They rely on the holding in *Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005), that "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.* at 1109–10. But Plaintiffs forget that *they are parties to both proceedings*, so *Lockyer* does not apply. Next, Plaintiffs argue that the Court should not

REPLY IN SUPPORT OF MOTION FOR CERTIFICATION OF INTERLOCUTORY
APPEAL AND STAY PENDING APPEAL – 9

grant a stay because it will prejudice their need to obtain these surgeries and have them paid for by Medicaid. But if Plaintiffs seek that relief on an emergency basis, their remedy is not to insist on wasteful discovery now, but to move for a preliminary injunction. They have not done so, and if they did, it would be properly denied and affirmed by the Ninth Circuit, just like in *Doe v. Snyder*, 28 F.4th at 114.

## CONCLUSION

For the foregoing reasons, the Court should grant the instant motion and request for stay.

DATED: September 14, 2023.

                                        STATE OF IDAHO
                                      OFFICE OF THE ATTORNEY GENERAL

                            By:  */s/ Lincoln D. Wilson*
                                    LINCOLN DAVIS WILSON
                                    Chief, Civil Litigation and
                                    Constitutional Defense

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on September 14, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent of Notice of Electronic Filing to the following parties:

Howard A. Belodoff
howardbelodoff@idaholegalaid.org

Jane Catherine Gordon
Jane@JaneGordonLaw.com

                                  By:  <u>/s/ *Lincoln D. Wilson*</u>
                                         LINCOLN DAVIS WILSON
                                         Chief, Civil Litigation and
                                         Constitutional Defense