Howard A. Belodoff, ISB # 2290
Idaho Legal Aid Services, Inc.
1447 S. Tyrell Lane
Boise, ID 83706
Tel: (208) 807-2496 Fax: (208) 342-2561
howardbelodoff@idaholegalaid.org

Jane Gordon, ISB # 9243
Jane Gordon Law
1004 West Fort Street
Boise ID 83702
Tel: (208) 371-4747; Fax: (208) 807-2290
Jane@JaneGordonLaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| MH and TB, individually,<br><br>    Plaintiffs,<br><br>    vs.<br><br>DAVE JEPPESEN, in his official capacity as the Director of the Idaho Department of Health and Welfare; Dr. MAGNI HAMSO, in her official capacity as the Medical Director of the Idaho Division of Medicaid and individually; and the IDAHO DEPARTMENT OF HEALTH AND WELFARE,<br><br>    Defendants. | CASE NO. 1:22-CV-409-REP<br><br>MEMORANDUM IN SUPPORT OF MOTION REQUESTING LEAVE TO FILE AN AMENDED COMPLAINT |

COME NOW Plaintiffs, MH and TB, by and through their counsels of record, Howard A. Belodoff, Idaho Legal Aid Services, Inc. and Jane Gordon, Jane Gordon Law, to hereby submit this Memorandum in support of the Motion Requesting Leave to file an Amended Complaint pursuant to Rule 15(a)(2).

MEMORANDUM IN SUPPORT OF MOTION REQUESTING LEAVE TO FILE AN AMENDED COMPLAINT – PAGE 1

## STANDARDS FOR AMENDING COMPLAINTS

Federal Rule of Civil Procedure 15(a)(2) provides that, once a responsive pleading has been served, a party may amend its pleading "only with the opposing party's written consent or the court's leave. The court should "freely give leave when justice so requires." *Id.*[1] The Ninth Circuit recognizes that the Supreme Court has instructed the federal courts to grant leave freely. *DCD Program v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citing *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir.1986)). The decision to grant leave to amend is within the sound discretion of the district court. *Id.* "In exercising its discretion 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" *Id.* (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). The Ninth Circuit has repeatedly instructed that "[R]ule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *DCD Programs, Ltd*. 833 F.2d at 186 (citing *Rosenberg Bros. & Co. v. Arnold-Hoover, Inc.*, 283 F.2d 406 (9th Cir. 1960) (per curiam).

The Ninth Circuit has also stressed that this "extreme liberality" "in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd.*, 833 F.2d at 186. If a defendant is unable to demonstrate a sufficiently compelling reason to defeat a Rule 15(a) motion, a plaintiff is permitted to file an amended

---

[1] Rule 15 reflects two of the most important policies of the federal rules: first, to provide the maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities; and second, that pleadings have the limited role of providing the parties with notice of the nature of the pleader's claims, and of the transaction or event that has been called into question, and they no longer carry the burden of fact revelation or issue formulation, or control the trial phase of the action.  Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1471 at 505-07.

complaint to add new parties and allege new facts. Amendments to complaints should be "'liberally granted where from the underlying facts and circumstances, the plaintiff may be able to state a claim.'" *DCD Programs, Ltd.*, 833 F.2d at 186. (quoting *McCartin v. Norton*, 674 F.2d 1317, 1321 (9th Cir. 1982)). The Plaintiffs easily satisfy the low threshold under the case law.

## ARGUMENT

The initial Complaint in this action was filed on September 29, 2022. Dkt. 1. The Defendants filed a Partial Motion to Dismiss the Equal Protection and Due Process claims. Dkt. 19. The Court denied the Motion to Dismiss on June 20, 2023. Dkt. 36. On June 28, 2023, the Court filed a Litigation Order and Notice of Telephonic Scheduling Conference. Dkt. 37. On July 18, 2023, Plaintiffs filed a Litigation Plan and Discovery Plan. Dkts. 42-43. On July 18, 2023, Defendant Hamso filed an interlocutory appeal from the denial of qualified immunity. Dkt. 40. On July 20, 2024, Defendants filed Notice Regrading Proposed Discovery Plan, Notice of Appeal and Motion to Certify for Interlocutory Appeal and did not agree with Plaintiffs' Litigation Plan and Discovery Plan. Dkt. 46. Defendants filed their Answer on July 27, 2023. Dkt. 49. On July 27, 2023, Defendants filed a Motion for Certification of Interlocutory Appeal and Stay Pending Appeal. Dkt. 50. On August 29, 2023, Plaintiffs filed a Response opposing the certification and stay. Dkt. 57. On March 8, 2024, the Court denied the Motion for Certification of Interlocutory Appeal and Stay Pending Appeal. Dkt. 63. On May 13, 2024, the Court issued an Amended Litigation Order and Notice of Video Scheduling Conference. Dkt. 66. The Scheduling Conference is scheduled for June 6, 2024.

On March 27, 2024, the Governor signed House Bill 668 ("HB 668") into law. Amended Complaint at Appendix 1. The Idaho Legislature enacted HB 668 in response to this action in order to statutorily prohibit the use of Idaho Medicaid and any public funds from

MEMORANDUM IN SUPPORT OF MOTION REQUESTING LEAVE TO FILE AN
AMENDED COMPLAINT – PAGE 3

providing adults and children with gender-affirming care to treat gender dysphoria. Idaho Code § 18-8901. HB 688 prohibits the use of public funds "to any entity, organization, or individual for the provision of surgical operations and medical procedures described in section 18-1506C(3), Idaho Code, for purposes of altering the appearance of an individual in order to affirm the individual's perception of the individual's sex in a way that is inconsistent with the individual's biological sex, . . . except for exempted surgical operations or medical interventions." Idaho Code § 18-8901(2). In spite of the Court's Order denying the Motion to Dismiss, HB 668 was enacted to implement the previously unwritten Idaho Medicaid Exclusion Policy and the prohibition on the use of public funds stated in the Governor's letter of May 1, 2024 which expressly prohibited "using public funds to pay for irreversible sex reassignment surgeries, puberty blockers, or hormones for the purpose of changing the appearance of any child's or adult's sex." Dkt. 33-1. HB 668 applies to both minors and adults.

HB 668 facially, by proxy, and as applied targets and discriminates against transgender individuals who are the only person who need medically necessary treatment for the medical condition of gender dysphoria. HB 668 provides that cisgender persons with other medical conditions are exempted from the prohibited "surgical operations or medical interventions" if "[n]ecessary to the health of the person on whom it is performed . . . except . . . if it is for the purpose of altering the appearance of an individual in order to affirm the individual's perception of the individual's sex in a way that is inconsistent with the individual's biological sex." Idaho Code § 18-8901(1)(a). HB 668 also exempts "surgical operations or medical interventions" to treat injury caused by the performance of gender transition procedures. Idaho Code § 18-8901(1)(b). HB 668 allows "surgical operations or medical interventions" for a child or an adult

born with a medically verifiable genetic disorder of sex development. Idaho Code § 18-8901(1)(c).

HB 668 provides the "Idaho Medicaid program shall not reimburse or provide coverage for the use of the surgical operations and medical procedures described in section 18-1506C(3), Idaho Code, for purposes of altering the appearance of an individual in order to affirm the individual's perception of the individual's sex in a way that is inconsistent with the individual's biological sex, . . ." Idaho Code § 18-8901(4). HB 668 expands the scope of Idaho Medicaid's existing discriminatory Exclusion Policy by prohibiting all expenditures for any type of gender-affirming care from being tax deductible, prohibiting physicians employed by tax-payer funded entities from providing gender-affirming care in the course and scope of their government service, and prohibiting the use of any government property, facility, or building to provide gender-affirming care. Idaho Code§ 18-8901(3), (5), & (6).

HB 668 was not in effect when the Plaintiffs filed the initial Complaint. HB 668 is scheduled to go into effect on July 1, 2024. The amendment would not be futile since similar underlying facts support the same legal claims as alleged in the initial Complaint. The new Plaintiffs are asserting similar allegations concerning the Defendants' refusal to provide medically necessary gender-affirming care and reimbursement under the Medicaid Act and the Equal Protection Clause. The proposed amendment should be freely granted because the Court has already ruled the initial Complaint's underlying facts plausibly allege claims under the Equal Protection Clause and Due Process Clause. *See Miller v. Ryoff-Sextan, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("a proposed amendment to the pleading is futile only if no set of facts can be proved under the

amendment to the pleadings that would constitute a valid and sufficient claim or defense.") (citation omitted). The new Plaintiffs are receiving gender-affirming care under Idaho Medicaid. Plaintiffs seek to join these additional transgender Plaintiffs to challenge HB 668.

The proposed amendments and the joiner of additional Plaintiffs are not sought in bad faith. There has been no undue delay--indeed, no delay at all--in bringing this Motion, given that it has been filed after the Court's decision allowing the case to proceed while an interlocutory appeal is pending in the Ninth Circuit Court of Appeals and the Court has issued the Amended Litigation Order and Notice of Video Scheduling Conference. Dkt. 66. After HB 668 was signed by the Governor, Plaintiffs were contacted by individuals and their physicians concerned about the loss of Medicaid of gender-affirming care that was medically necessary to treat gender dysphoria because HB 668 prohibits Idaho Medicaid from covering and reimbursing gender-affirming care. In order to protect the rights of transgender individuals to continue to receive medically necessary care they are entitled to receive under the Medicaid Act and to challenge the discriminatory treatment of transgender individuals under HB 688, Plaintiffs' counsel is required to amend the initial Complaint. Any delay was the result of the necessity to obtain the medical records of each additional Plaintiff, draft new factual allegations, and incorporate HB 688 into the legal claims and prayer for relief in the Amended Complaint.

There is no undue prejudice to the Defendants if leave is granted to amend the initial Complaint. The party opposing amendment bears the burden of showing prejudice. *DCD Programs, Ltd.*, 833 F.2d at 187. No such showing can be made here since the

MEMORANDUM IN SUPPORT OF MOTION REQUESTING LEAVE TO FILE AN AMENDED COMPLAINT – PAGE 6

claims all arise from a similar set of facts plead in the initial Complaint which the Court has already determined plausibly stated a claim for relief when rejecting the Defendants' Motion to Dismiss. The Parties have recently submitted their Litigation and Discovery Plans so formal factual discovery has not started and the initial disclosures have not been served. The Court has scheduled a status conference for June 6, 2024, to confirm the Litigation Order and Discovery Plan. The Court can inquire at the status conference as to whether Defendants will consent under Rule 15(a)(2) to the granting of leave to amend the Complaint so the litigation can proceed.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully requests that the Court grant leave to file the Amended Complaint.

DATED: June 4, 2024.

IDAHO LEGAL AID SERVICES, INC.

/s/ Howard A. Belodoff
Howard A. Belodoff

JANE GORDON LAW

/s/ Jane Gordon
Jane Gordon

Attorneys for Plaintiffs