RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

GREGORY E. WOODARD, ISB #11329
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
greg.woodard@ag.idaho.gov

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MH, TB, KB, SG, AC, BM, individually, and G Doe, by and through her parents and next friends, JANE Doe and JOHN Doe,<br><br>Plaintiffs,<br><br>v.<br><br>ALEX J. ADAMS, in his official capacity as the Director of the Idaho Department of Health and Welfare; Dr. MAGNI HAMSO, in her official capacity as the Medical Director of the Idaho Division of Medicaid and individually; and the IDAHO DEPARTMENT OF HEALTH AND WELFARE,<br><br>Defendants. | Case N. 1:22-cv-00409-REP<br><br>**ANSWER** |

Defendants Alex J. Adams, Dr. Magni Hamso, and the Idaho Department of Health and Welfare (collectively, "Defendants") hereby answer and respond to the Amended Complaint for Declaratory and Injunctive Relief (Dkt. 86) ("Amended Complaint") as follows:

## I.     GENERAL RESPONSE

Unless specifically admitted herein, Defendants deny each and every allegation, claim, and request for relief contained in the Complaint.[1]

## II.    SPECIFIC RESPONSES

With respect to the specific allegations, claims, and requests for relief contained in the specific paragraphs in the Complaint, Defendants respond as follows:

## INTRODUCTION

1.     Defendants admit that H.B. 668 will become effective on July 1, 2024. Defendants deny the remaining allegations in paragraph 1.

2.     Defendants admit the allegations in paragraph 2.

3.     Defendants admit the allegations in paragraph 3.

4.     Defendants admit the allegations in paragraph 4.

5.     Defendants deny the allegations in paragraph 5.

6.     Defendants deny the allegations in paragraph 6.

7.     Defendants admit that H.B. 668's language speaks for itself. Defendants deny the remaining allegations in paragraph 7.

---

[1] While Defendants are using Plaintiffs' headings for ease of reference, the use should not be construed as an admission of any allegations in the headings.

8.    Defendants admit that H.B. 668's language speaks for itself. Defendants deny the remaining allegations in paragraph 8.

9.    Defendants admit that H.B. 668's language speaks for itself. Defendants deny the remaining allegations in paragraph 9.

10.    Defendants deny the allegations in paragraph 10.

11.    Defendants deny the allegations in paragraph 11.

12.    Defendants deny the allegations in paragraph 12.

13.    Defendants admit that the State of Idaho's position, as set forth in H.B. 668, is that the "surgical operations and medical procedures described in section 18-1506C(3), Idaho Code, when used for purposes of altering the appearance of an individual in order to affirm the individual's perception of the individual's sex in a way that is inconsistent with the individual's biological sex, carry substantial risks and have known harmful effects, including irreversible physical alterations and, in some cases, sterility and lifelong sexual dysfunction." Defendants deny the remaining allegations in paragraph 13.

14.    Defendants admit that H.B. 668's language speaks for itself. Defendants deny the remaining allegations in paragraph 14.

15.    Defendants admit the allegations in paragraph 15.

16.    Defendants deny the allegations in paragraph 16.

17.    Defendants admit that the letter speaks for itself. Defendants deny the remaining allegations in paragraph 17.

18.    Defendants deny the allegations in paragraph 18.

19.     Defendants admit that H.B. 668's language speaks for itself. Defendants deny the remaining allegations in paragraph 19.

20.     Defendants deny the allegations in paragraph 20.

## HB 668's BAN OF PUBLIC FUNDS FOR GENDER AFFIRMING CARE IS UNLAWFUL

21.     Defendants admit that H.B. 668's language speaks for itself. Defendants deny the remaining allegations in paragraph 21.

22.     Defendants admit that H.B. 668's and Idaho Code § 18-8901's language speaks for itself. Defendants deny the remaining allegations in paragraph 22.

23.     Defendants admit that H.B. 668's language speaks for itself. Defendants deny the remaining allegations in paragraph 23.

24.     Defendants admit that H.B. 668's language speaks for itself. Defendants deny the remaining allegations in paragraph 24.

25.     Defendants admit that Idaho Code § 18-1506's language speaks for itself. Defendants deny the remaining allegations in paragraph 25.

26.     Defendants admit that H.B. 668's language and Idaho Code § 18-8901's language speaks for itself. Defendants deny the remaining allegations in paragraph 26.

27.     Defendants admit that H.B. 668's language and Idaho Code § 18-8901's language speaks for itself. Defendants deny the remaining allegations in paragraph 27.

28.     Defendants admit that H.B. 668's language and Idaho Code § 18-8901's language speaks for itself. Defendants deny the remaining allegations in paragraph 28.

29.     Defendants admit that H.B. 668's language speaks for itself. Defendants deny the remaining allegations in paragraph 29.

30.     Defendants admit that H.B. 668's language and Idaho Code § 18-8901's language speaks for itself. Defendants deny the remaining allegations in paragraph 30.

31.     Defendants admit that H.B. 668's language and Idaho Code § 18-8901's language speaks for itself. Defendants deny the remaining allegations in paragraph 31.

32.     Defendants admit that Idaho Code § 18-8901's language speaks for itself. Defendants deny the remaining allegations in paragraph 32.

33.     Defendants admit that H.B. 668's language and Idaho Code § 18-1506's language speaks for itself. Defendants deny the remaining allegations in paragraph 33.

34.     Defendants deny the allegations in paragraph 34.

## ADULT PLAINTIFF

**Plaintiff MH**

35.     As of June 12, 2024, Defendants were aware that Plaintiff MH's Medicaid eligibility was set to terminate as of July 1, 2024, and Defendants deny all allegations in paragraph 35 inconsistent with that understanding. Defendants lack

information sufficient to form a belief regarding the truth of the remaining allegations of paragraph 35 and therefore deny same.

36.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 36 and therefore deny same.

37.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 37 and therefore deny same.

38.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 38 and therefore deny same.

39.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 39 and therefore deny same.

40.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 40 and therefore deny same.

41.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 41 and therefore deny same.

42.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 42 and therefore deny same.

43.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 43 and therefore deny same.

44.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 44 and therefore deny same except that Plaintiff receives health coverage from the Idaho Medicaid program.

45.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 45 and therefore deny same.

46.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 46 and therefore deny same.

47.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 47 and therefore deny same.

48.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 48 and therefore deny same.

49.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 49 and therefore deny same.

50.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 50 and therefore deny same.

51.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 51 and therefore deny same.

52.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 52 and therefore deny same.

53.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 53 and therefore deny same.

54.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 54 and therefore deny same.

55.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 55 and therefore deny same.

56.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 56 and therefore deny same.

57.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 57 and therefore deny same.

58.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 58 and therefore deny same.

59.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 59 and therefore deny same.

60.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 60 and therefore deny same.

61.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 61 and therefore deny same.

62.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 62 and therefore deny same.

**Plaintiff TB**

63.     As of June 12, 2024, Defendants were aware that Plaintiff TB's Medicaid eligibility had terminated as of March 1, 2024, and Defendants deny all allegations in paragraph 63 inconsistent with that understanding. Defendants lack information sufficient to form a belief regarding the truth of the remaining allegations of paragraph 63 and therefore deny same.

64.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 64 and therefore deny same.

65.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 65 and therefore deny same.

66.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 66 and therefore deny same.

67.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 67 and therefore deny same.

68.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 68 and therefore deny same.

69.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 69 and therefore deny same.

70.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 70 and therefore deny same.

71.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 71 and therefore deny same.

72.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 72 and therefore deny same.

73.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 73 and therefore deny same.

74.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 74 and therefore deny same.

75.     Defendants admit that TB submitted a request for prior authorization in 2022. Defendants deny the remaining allegations in paragraph 75.

76.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 76 and therefore deny same.

77.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 77 and therefore deny same.

**Plaintiff KB**

78.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 78 and therefore denies same except that Plaintiff KB is a participant in the Idaho Medicaid program.

79.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 79 and therefore deny same.

80.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 80 and therefore deny same.

81.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 81 and therefore deny same.

82.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 82 and therefore deny same.

83.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 83 and therefore deny same.

84.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 84 and therefore deny same.

85.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 85 and therefore deny same.

86.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 86 and therefore deny same.

87.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 87 and therefore deny same.

88.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 88 and therefore deny same.

**Plaintiff SG**

89.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 89 and therefore deny same.

90.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 90 and therefore denies same except that Plaintiff SG is a participant in the Idaho Medicaid program.

91.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 91 and therefore deny same.

92.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 92 and therefore deny same.

93.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 93 and therefore deny same.

94.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 94 and therefore deny same.

95.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 95 and therefore deny same.

96.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 96 and therefore deny same.

97.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 97 and therefore deny same.

98.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 98 and therefore deny same.

**Plaintiff AC**

99.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 99 and therefore deny same.

100.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 100 and therefore denies same except that Plaintiff AC is a participant in the Idaho Medicaid program.

101.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 101 and therefore deny same.

102.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 102 and therefore deny same.

103.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 103 and therefore deny same.

104.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 104 and therefore deny same.

105.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 105 and therefore deny same.

106.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 106 and therefore deny same.

107.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 107 and therefore deny same.

108.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 108 and therefore deny same.

**Plaintiff BM**

109.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 109 and therefore deny same.

110.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 110 and therefore denies same except that Plaintiff BM is a participant in the Idaho Medicaid program.[2].

111.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 111 and therefore deny same.

112.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 112 and therefore deny same.

113.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 113 and therefore deny same.

---

[2] While Plaintiffs' Amended Complaint identifies a Plaintiff as "BM," Plaintiffs have produced documents with their initial disclosures indicating an individual with the initials "BW." Defendants' response is under the assumption that "BM" and "BW" are the same individual.

114.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 114 and therefore deny same.

115.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 115 and therefore deny same.

116.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 116 and therefore deny same.

117.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 117 and therefore deny same.

118.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 118 and therefore deny same.

119.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 119 and therefore deny same.

120.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 120 and therefore deny same.

121.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 121 and therefore deny same.

122.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 122 and therefore deny same.

123.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 123 and therefore deny same.

124.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 124 and therefore deny same.

125.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 125 and therefore deny same.

## CHILD PLAINTIFF

126.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 126 and therefore deny same.

127.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 127 and therefore denies same except that Plaintiff G Doe is a participant in the Idaho Medicaid program.

128.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 128 and therefore deny same.

129.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 129 and therefore deny same.

130.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 130 and therefore deny same.

131.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 131 and therefore deny same.

132.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 132 and therefore deny same.

133.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 133 and therefore deny same.

134.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 134 and therefore deny same.

135.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 135 and therefore deny same.

136.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 136 and therefore deny same.

137.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 137 and therefore deny same.

138.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 138 and therefore deny same.

**Idaho Medicaid's Exclusion Policy and HB 668 cause Plaintiffs'[sic] irreparable harm**

139.   Defendants deny the allegations in paragraph 139.

140.   Defendants deny the allegations in paragraph 140.

141.   Defendants deny the allegations in paragraph 141.

142.   Defendants deny the allegations in paragraph 142.

143.   Defendants deny the allegations in paragraph 143.

144.   Defendants deny the allegations in paragraph 144.

145.   Plaintiffs' Amended Complaint speaks for itself.

146.   Defendants deny the allegations in paragraph 146.

147.   Plaintiffs' Amended Complaint speaks for itself. Defendants deny the remaining allegations in paragraph 147.

148.   Plaintiffs' Amended Complaint speaks for itself.

**DEFENDANTS**

149.    Defendants deny the allegations of paragraph 149 except that former Defendant Jepsen was the Director of the Idaho Department of Health and Welfare, Director Adams is the current Director of the Idaho Department of Health and Welfare, and Idaho Medicaid provides coverage to eligible persons.

150.    Defendants admit the allegations of paragraph 150 except to the extent they imply Dr. Hamso no longer practices internal medicine as she does currently practice internal medicine.

151.    Defendants deny the allegations of paragraph 151.

152.    Defendants admit that Plaintiffs have named Dr. Hamso in her official capacity and in her individual capacity, but deny Plaintiffs are entitled to the relief they seek.

153.    Defendants admit the allegations of paragraph 153.

154.    Defendants deny the allegations of paragraph 154.

**JURISDICTION AND VENUE**

155.    Defendants deny that the Court has jurisdiction over this matter.

156.    Defendants deny the allegations of paragraph 156 except that the cited federal statutes and rules speak for themselves.

157.    Defendants deny the allegations of paragraph 157 except that they admit that venue is proper.

**FACTS**
***Gender Identity and Gender Dysphoria***

158.    Defendants deny the allegations of paragraph 158.

159.    Defendants deny the allegations of paragraph 159.

160.    Defendants deny the allegations of paragraph 160.

161.    Defendants deny the allegations of paragraph 161.

162.    Defendants deny the allegations of paragraph 162.

163.    Defendants deny the allegations of paragraph 163.

164.    The allegations of paragraph 164 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 164.

165.    The allegations of paragraph 165 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 165.

166.    The allegations of paragraph 166 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 166.

167.    The allegations of paragraph 167 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 167.

168.    The allegations of paragraph 168 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 168.

169. The allegations of paragraph 169 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 169.

170. The allegations of paragraph 170 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 170.

171. The allegations of paragraph 171 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 171.

172. The allegations of paragraph 172 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 172.

173. The allegations of paragraph 173 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 173.

174. The allegations of paragraph 174 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 174.

175. The allegations of paragraph 175 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 175.

176.   The allegations of paragraph 176 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 176.

177.   The allegations of paragraph 177 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 177.

178.   The allegations of paragraph 178 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 178.

179.   The allegations of paragraph 179 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 179.

180.   The allegations of paragraph 180 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 180.

181.   The allegations of paragraph 181 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 181.

182.   The allegations of paragraph 182 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 182.

183.   The allegations of paragraph 183 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 183.

184.   The allegations of paragraph 184 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 184.

185.   The allegations of paragraph 185 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 185.

186.   The allegations of paragraph 186 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 186.

### *Federal Medicaid Requirements*

187.   Defendants deny the allegations of paragraph 187 except that the cited federal statutes speak for themselves.

188.   Defendants deny the allegations of paragraph 188 except that the cited federal statutes speak for themselves.

189.   Defendants deny the allegations of paragraph 189 except that Idaho and other states participate in Medicaid.

190.   Defendants deny the allegations of paragraph 190 except that the cited federal statute speaks for itself.

191.   Defendants deny the allegations of paragraph 191 except that the cited federal statutes speak for themselves.

192.   Defendants admit that the federal government reimburses Idaho for participating in Medicaid. Defendants lack information sufficient to form a belief regarding the truth of the remaining allegations of paragraph 192 and therefore deny same.

193.   Defendants deny the allegations of paragraph 193 except that the cited federal statutes speak for themselves.

194.   Defendants deny the allegations of paragraph 194 except that the cited federal statutes speak for themselves.

195.   Defendants deny the allegations of paragraph 195 except that the cited federal regulations speak for themselves.

196.   Defendants deny the allegations of paragraph 196 except that the cited federal regulations speak for themselves.

197.   Defendants deny the allegations of paragraph 197 except that the cited federal statutes speak for themselves.

198.   Defendants deny the allegations of paragraph 198 except that the cited federal statutes speak for themselves.

199.   Defendants deny the allegations of paragraph 199 except that the cited federal regulations speak for themselves.

200.   Defendants deny the allegations of paragraph 200 except that the cited federal regulations speak for themselves.

201.    Defendants deny the allegations of paragraph 201 except that the cited federal regulations speak for themselves.

202.    Defendants deny the allegations of paragraph 202 except that the cited federal regulations speak for themselves.

203.    Defendants deny the allegations of paragraph 203 except that the cited federal regulations speak for themselves.

204.    Defendants deny the allegations of paragraph 204 except that the cited federal regulations speak for themselves.

205.    Defendants deny the allegations of paragraph 205 except that the cited federal regulations speak for themselves.

206.    Defendants deny the allegations of paragraph 206 except that the cited federal regulations speak for themselves.

207.    Defendants deny the allegations of paragraph 207 except that the cited federal regulations speak for themselves.

208.    Defendants deny the allegations of paragraph 208 except that the cited federal regulations speak for themselves.

209.    Defendants deny the allegations of paragraph 209 except that the cited federal regulations speak for themselves.

210.    Defendants deny the allegations of paragraph 210 except that the cited federal regulations speak for themselves.

211.    Defendants deny the allegations of paragraph 211 except that the cited federal regulations speak for themselves.

*Idaho Medicaid Requirements*

212.    Defendants admit paragraph 212.

213.    Defendants admit paragraph 213.

214.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 214 and therefore deny same except that the cited provisions of the Federal Register speak for themselves.

215.    Defendants deny the allegations of paragraph 215 except that the cited Idaho statutes and rules speak for themselves.

216.    Defendants deny the allegations of paragraph 216 except that the cited Idaho statutes and rules speak for themselves.

217.    Defendants deny the allegations of paragraph 217 except that the cited Idaho statute speaks for itself.

218.    Defendants deny the allegations of paragraph 218 except that the cited Idaho regulations speak for themselves.

219.    Defendants admit only the quotes attributed to former Direct Jeppesen and deny all other allegations and inferences contained in paragraph 219.

220.    Defendants deny the allegations of paragraph 220.

221.    Defendants deny the allegations of paragraph 221 except that the cited Idaho statutes and rules speak for themselves.

222.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 222 and therefore deny same.

223.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 223 and therefore deny same.

### *Idaho Medicaid's Notice and Fair Hearing Appeals Process*

224.    Defendants admit the allegations of paragraph 224.

225.    Defendants deny the allegations of paragraph 225 except that the cited Idaho regulations speak for themselves.

226.    Defendants deny the allegations of paragraph 226 except that the cited Idaho regulations speak for themselves.

227.    Defendants deny the allegations of paragraph 227 except that the cited Idaho regulations speak for themselves.

228.    Defendants deny the allegations of paragraph 228 except that the cited Idaho regulations speak for themselves.

229.    Defendants deny the allegations of paragraph 229 except that the cited Idaho regulations speak for themselves.

230.    Defendants deny the allegations of paragraph 230 except that the cited Idaho regulations speak for themselves.

### *Idaho Medicaid Fails to Issue a Final Decision in Response to Plaintiff MH's Requests for Gender-Affirming Care and Surgery*

231.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 231 and therefore deny same except that the cited documents speak for themselves.

232.    Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 232 and therefore deny same.

233.   Defendants deny the allegations of paragraph 233 except that the cited documents speak for themselves.

234.   Defendants deny the allegations of paragraph 234 except that the cited Idaho regulations speak for themselves.

235.   Defendants admit the allegations of paragraph 235.

236.   Defendants admit the allegations of paragraph 236.

237.   Defendants admit the allegations of paragraph 237.

238.   Defendants deny the allegations of paragraph 238 except that the cited documents speak for themselves.

239.   Defendants deny the allegations of paragraph 239 except that the cited documents speak for themselves.

240.   Defendants deny the allegations of paragraph 240 except that the cited documents speak for themselves.

241.   Defendants deny the allegations of paragraph 241 except that the cited documents speak for themselves.

242.   Defendants deny the allegations of paragraph 242 except that the cited documents speak for themselves.

243.   Defendants deny the allegations of paragraph 243 except that the cited documents speak for themselves.

244.   Defendants deny the allegations of paragraph 244 except that the cited documents speak for themselves.

245.   Defendants deny the allegations of paragraph 245 except that the cited documents speak for themselves.

246.   Defendants deny the allegations of paragraph 246 except that the cited documents speak for themselves.

247.   Defendants deny the allegations of paragraph 247 except that the cited documents speak for themselves.

248.   Defendants admit the allegations in paragraph 248.

249.   Defendants deny the allegations of paragraph 249 except that the hearing officer's findings speak for themselves.

250.   Defendants deny the allegations of paragraph 250 except that the hearing officer's findings speak for themselves.

251.   Defendants deny the allegations of paragraph 251 except that the hearing officer's findings speak for themselves.

252.   Defendants deny the allegations of paragraph 252 except that the hearing officer's findings speak for themselves.

253.   Defendants deny the allegations of paragraph 253 except that the hearing officer's findings speak for themselves.

254.   Defendants deny the allegations of paragraph 254 except that the hearing officer's findings speak for themselves.

255.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 255 and therefore deny same.

256.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 256 and therefore deny same.

257.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 257 and therefore deny same.

258.   Defendants deny the allegations of paragraph 258 except that the cited documents speak for themselves.

259.   Defendants deny the allegations of paragraph 259 except that the cited documents speak for themselves.

260.   Defendants deny the allegations of paragraph 260 except that the cited documents speak for themselves.

261.   Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 261 and therefore deny same.

262.   Defendants deny the allegations of paragraph 262 except that the cited documents speak for themselves.

263.   Defendants deny the allegations of paragraph 263 except that the cited documents speak for themselves.

264.   Defendants deny the allegations of paragraph 264 except that the cited documents speak for themselves.

265.   Defendants deny the allegations of paragraph 265 except that the cited documents speak for themselves.

266.   Defendants deny the allegations of paragraph 266 except that the cited documents speak for themselves.

267.     Defendants deny the allegations of paragraph 267 except that the cited documents speak for themselves.

268.     Defendants deny the allegations of paragraph 268 except that the cited documents speak for themselves.

269.     Defendants deny the allegations in paragraph 269.

270.     Defendants deny the allegations in paragraph 270.

271.     Defendants deny the allegations in paragraph 271.

272.     Defendants deny the allegations in paragraph 272.

273.     Defendants deny the allegations in paragraph 273.

274.     Defendants deny the allegations in paragraph 274.

275.     Defendants deny the allegations in paragraph 275.

### *Idaho Medicaid Fails to Deny or Authorize Plaintiff TB's Request for Gender-Affirming Care and Surgery*

276.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 276 and therefore deny same.

277.     Defendants lack information sufficient to form a belief regarding the truth of the allegations of paragraph 277 and therefore deny same.

278.     Defendants deny the allegations in paragraph 278 except that the cited documents speak for themselves.

279.     Defendants deny the allegations in paragraph 279 except that the cited documents speak for themselves.

280.     Defendants deny the allegations in paragraph 280 except that the cited documents speak for themselves.

281.    Defendants deny the allegations in paragraph 281 except that the cited documents speak for themselves.

282.    Defendants deny the allegations in paragraph 282 except that the cited documents speak for themselves.

283.    Defendants deny the allegations in paragraph 283 except that the cited documents speak for themselves.

284.    Defendants deny the allegations in paragraph 284 except that the cited documents speak for themselves.

285.    Defendants deny the allegations in paragraph 285 except that the cited documents speak for themselves.

286.    Defendants deny the allegations in paragraph 286 except that the cited documents speak for themselves.

287.    Defendants deny the allegations in paragraph 287 except that the cited documents speak for themselves.

288.    Defendants deny the allegations in paragraph 288 except that the cited documents speak for themselves.

289.    Defendants deny the allegations in paragraph 289 except that the cited documents speak for themselves.

290.    Defendants deny the allegations in paragraph 290 except that the cited documents speak for themselves.

291.    Defendants deny the allegations in paragraph 291 except that the cited documents speak for themselves.

292.   Defendants deny the allegations in paragraph 292 except that the cited documents speak for themselves.

293.   Defendants deny the allegations in paragraph 293 except that the cited documents speak for themselves.

294.   Defendants deny the allegations in paragraph 294 except that the cited documents speak for themselves.

295.   Defendants deny the allegations in paragraph 295 except that the cited documents speak for themselves.

296.   The allegations of paragraph 296 are the proper subject of expert testimony and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 296.

297.   Defendants deny the allegations of paragraph 297.

## FIRST CLAIM FOR RELIEF
### Defendants Unlawfully Discriminate on the Basis of Sex in Violation of Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116

298.   Paragraph 298 contains no factual assertions to admit or deny and no response is required.

299.   Defendants deny the allegations of paragraph 299 except that the cited federal statutes speak for themselves.

300.   Defendants deny the allegations of paragraph 300 except that the cited federal statutes speak for themselves.

301.   Defendants deny the allegations of paragraph 301 except that the cited federal statutes speak for themselves.

302.   Defendants deny the allegations of paragraph 302.

303.   Defendants deny the allegations of paragraph 303.

304.   Defendants deny the allegations of paragraph 304.

## SECOND CLAIM FOR RELIEF
### HB 668 Violates the Medicaid Act's Availability Requirements, 42 U.S.C. § 1396a(a)(1)(A) and 42 U.S.C. § 1396a(a)(19)

305.   Paragraph 305 contains no factual assertions to admit or deny and no response is required.

306.   Defendants deny the allegations of paragraph 306.

307.   Defendants deny the allegations of paragraph 307.

308.   Defendants deny the allegations of paragraph 308.

309.   Defendants deny the allegations of paragraph 309.

310.   Defendants deny the allegations of paragraph 310.

311.   Defendants deny the allegations of paragraph 311.

## THIRD CLAIM FOR RELIEF
### HB 668 Violates the Medicaid Act's Availability Requirements, 42 U.S.C. § 1396a(a)(1)(A) and 42 U.S.C. § 1396a(a)(19)

312.   Paragraph 312 contains no factual assertions to admit or deny and no response is required.

313.   Defendants deny the allegations of paragraph 313.

314.   Defendants deny the allegations of paragraph 314.

315.   Defendants deny the allegations of paragraph 315.

316.   Defendants deny the allegations of paragraph 316.

317.   Defendants deny the allegations of paragraph 317.

318.   Defendants deny the allegations of paragraph 318.

319.    Defendants deny the allegations of paragraph 319.

320.    Defendants deny the allegations of paragraph 320.

321.    Defendants deny the allegations of paragraph 321.

### FOURTH CLAIM FOR RELIEF
### Medicaid's Exclusion Policy and HB 668 Violate the Equal Protection Clause of the Fourteenth Amendment

322.    Paragraph 322 contains no factual assertions to admit or deny and no response is required.

323.    Defendants deny the allegations of paragraph 323.

324.    Defendants deny the allegations of paragraph 324.

325.    Defendants deny the allegations of paragraph 325.

326.    Defendants deny the allegations of paragraph 326.

327.    Defendants deny the allegations of paragraph 327.

### FIFTH CLAIM FOR RELIEF
### Defendants' Failure to Provide Notice and Fair Hearings Violate Medicaid Act's Due Process Requirements 42 U.S.C. § 1396a(a)(3)

328.    Paragraph 328 contains no factual assertions to admit or deny and no response is required.

329.    Defendants deny the allegations of paragraph 329 except that the cited federal statutes speak for themselves.

330.    Defendants deny the allegations of paragraph 330 except that the cited federal statutes speak for themselves.

331.    Defendants deny the allegations of paragraph 331.

332.    Defendants deny the allegations of paragraph 332.

333.    Defendants deny the allegations of paragraph 333.

334.    Defendants deny the allegations of paragraph 334.

335.    Defendants deny the allegations of paragraph 335.

## SIXTH CLAIM FOR RELIEF
### Defendants' Failure to Provide Notice and Fair Hearings Violate Medicaid Act's Due Process Requirements 42 U.S.C. § 1396a(a)(3)

336.    Paragraph 336 contains no factual assertions to admit or deny and no response is required.

337.    Defendants deny the allegations of paragraph 337 except that the U.S. Constitution speaks for itself.

338.    Defendants deny the allegations of paragraph 338 except that Plaintiffs MH and TB are Medicaid participants.

339.    Defendants deny the allegations of paragraph 339.

340.    Defendants deny the allegations of paragraph 340.

341.    Defendants deny the allegations of paragraph 341.

342.    Defendants deny the allegations of paragraph 342.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint and each and every allegation contained therein fails to state a claim against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

That the allegations contained in Plaintiffs' Amended Complaint do not rise to the level of a deprivation of rights that are protected by the Constitution or any of the legal provisions referred to in the Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE

Defendants are immune, or have qualified immunity, to the allegations contained in Plaintiffs' Amended Complaint, including immunity under the 11th Amendment of the U.S. Constitution, which is not waived.

### FOURTH AFFIRMATIVE DEFENSE

Defendants are not liable under 42 U.S.C. § 1983 for any injury caused by the act or omission of another person under the theory of respondeat superior and because Defendants are not "persons" under 42 U.S.C. § 1983.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred as Plaintiffs have failed to exhaust all administrative remedies.

### SIXTH AFFIRMATIVE DEFENSE

Regarding the matters alleged in Plaintiffs' Complaint, Defendants' conduct was justifiable, reasonable, authorized by law, and performed in good faith with the belief that such acts were proper, legal, and appropriate.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' request for injunctive relief does not show or sufficiently allege the likelihood of future injury or irreparable harm.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' request for injunctive relief does not show or sufficiently allege the existence of a reasonable likelihood of success.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute(s) of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred as Plaintiffs lack standing to bring the claims in the Amended Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs have no actual injuries that would entitle Plaintiffs to any damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants' actions were not the proximate cause of Plaintiffs' alleged injuries, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants did not act with malicious or evil intent or in callous disregard of Plaintiffs' rights to justify any punitive damages award.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs are seeking damages for alleged mental or emotional injuries, Plaintiffs cannot show any requisite physical injury.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Court does not have jurisdiction over Plaintiffs' claims.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are inconsistent with an issue of state law.

**RESERVATION OF DEFENSES**

Defendants reserve the right to supplement these defenses with any additional defenses that subsequently become available during discovery or trial.

WHEREFORE, having fully answered the Amended Complaint, Defendants request that the Court enter an order and judgment:

1.      Dismissing the Amended Complaint with prejudice;

2.      That Plaintiffs take nothing by this action;

3.      That judgment be entered in favor of Defendants and against Plaintiffs;

4.      Awarding Defendants their costs and attorney's fees; and

5.      Providing such other relief as it deems appropriate and just.

DATED: July 1, 2024.

> STATE OF IDAHO
> OFFICE OF THE ATTORNEY GENERAL
>
>
> By /s/ *Gregory E.* Woodard
>      GREGORY E. WOODARD
>      Deputy Attorney General

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 1, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Howard A. Belodoff
Howardbelodoff@idaholegalaid.org

Jane Gordon
Jane@JaneGordonLaw.com


     */s/ Gregory E. Woodard*
          GREGORY E. WOODARD