RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation
and Constitutional Defense

GREGORY E. WOODARD, ISB #11329
Deputy Attorney General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
greg.woodard@ag.idaho.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| MH, TB, KB, SG, AC, BM, individually, and G Doe, by and through her parents and next friends, JANE Doe and JOHN Doe,<br><br>*Plaintiffs*,<br><br>v.<br><br>ALEX J. ADAMS, in his official capacity as the Director of the Idaho Department of Health and Welfare; Dr. MAGNI HAMSO, in her official capacity as the Medical Director of the Idaho Division of Medicaid and individually; and the IDAHO DEPARTMENT OF HEALTH AND WELFARE,<br><br>*Defendants.* | Case No. 1:22-cv-00409-REP<br><br>**REPLY IN SUPPORT OF MOTION TO AMEND SCHEDULING ORDER (Dkt. 69)** |

Defendants again urge the court to amend the scheduling deadline.[1] As motion practice in the last month has illuminated, the issues in this action continue to multiply, particularly as to the areas of discovery. Both sides have produced evidence going to the medical necessity of the treatments sought by Plaintiffs. Both sides have produced dueling expert reports and discovery is continuing into the faulty standards and methods used by Plaintiffs' experts. In response to the motion to amend the scheduling order, Plaintiffs offered nothing except a recitation of the applicable standards and a request that the Court continue to pursue a breakneck pace to permanent injunction—that they then withdrew. Dkt. 117 at 1. Not only is this unwarranted in light of the now vacated deadline to respond to the partial motion for summary judgment, it is unwise. *See* Dkt. 121. The Court should grant the motion to amend the scheduling order.

In response to the Defendant's request, Plaintiffs make several arguments that fail. First, they argue: "Defendants have taken advantage of the delays to enact new legislation in order to statutorily enact and expand the previous Medicaid Exclusion Policy." Dkt. 101 at 3. This is, of course, impossible. In addition to simply making this claim of "taking advantage" without factual support—none of the Defendants can enact any legislation. They are neither legislators nor a legislature. Plaintiffs sued only members of the executive, and not the legislative, branch of Idaho's government, and in the absence of a suit against the Legislature

---

[1] While Defendants' motion initially rested on the facts and arguments presented in the motion to extend the deadline to respond to the complaint, and that motion was denied as moot, Defendants nonetheless reincorporate the same facts and argument adopted by the initial motion.

can make no claim that "Defendants" somehow took advantage of any delay to pass legislation.

Second, they argue: "Defendants have failed to show they diligently conducted any discovery or their experts cannot meet the disclosure deadlines under the Scheduling Order." Dkt. 101 at 3. Of course, Defendants could not have diligently conducted discovery as to the new claims from new Plaintiffs before the amended complaint was filed. Nor could Defendants have had such discovery in mind when submitting their discovery plans, given that the motion to amend was filed *less than an hour* after the court entered the operative discovery order. Put another way, it is impossible to conduct discovery (diligent or otherwise) defending against claims that did not yet exist. Nor could Defendants conduct much of any discovery when—as Plaintiffs themselves put it—"Defendants' previous Motions have delayed Plaintiffs ability to litigate the merits of their legal claims." Dkt. 101 at 3. If the resolution of pending motions delayed Plaintiffs' ability to "litigate the merits" it follows that the time it reasonably took to resolve serious questions in the motion to dismiss and motion for interlocutory appeal delayed Defendants' ability to litigate these same merits.

Third, and somewhat ironically, they urge that their timing of an amended complaint within an hour of this Court entering a scheduling order could not have really taken Defendants by surprise—despite Defendants relying on the state of affairs pre-amendment when submitting plans to the Court. Dkt. 101 at 4. What is somewhat ironic is that they make this argument that Defendants feign their surprise even though Defendants' counsel, at their May 21 meet and confer on the pending discovery and litigation plans, specifically asked if Plaintiffs would be dismissing claims in their original Complaint given the pending July 1

REPLY IN SUPPORT OF MOTION TO AMEND SCHEDULING ORDER (DKT. 69) — 3

effective date for H.B. 668 and the fact that it would moot the original claims. Plaintiffs' counsel made no mention of their intention of filing the Amended Complaint or any motions related to H.B. 668. It is not just a matter of surprise that 'someone somewhere' might decide to sue concerning H.B. 668. As the Response to the Motion for Temporary Restraining Order makes clear, it matters *greatly* who the *specific* Plaintiffs are who bring a challenge, *see* Dkt. 103 at 3-5 (standing); *see also* Dkt. 120-1, and Defendants have the right to conduct discovery after knowing *who the Plaintiffs are*. Indeed, Plaintiffs' counsel was apparently unaware themselves that at least one of *their clients* was not on Medicaid when the Amended Complaint was filed. If Plaintiffs' counsel does not even know these facts, Defendants will necessarily require additional time to explore these questions related to the new Plaintiffs.

Separately, the addition of a child plaintiff who is (presumably) not covered by the injunction in *Poe v. Labrador* raises additional evidentiary questions relevant to the medical necessity of such treatments for children rather than adults. Dkt. 103 at 22-24, 30. This is also true for the addition of a non-binary plaintiff for the first time, who neither falls within the traditional paradigm under which the Ninth Circuit has considered transgender discrimination, nor is seeking the same form of relief, i.e., to obviate rather than reverse sex distinctions. Dkt. 103 at 7. Moreover, even for those more 'traditional' transgender plaintiffs, as the Court recognizes, the evidentiary demands to succeed on a permanent injunction are intensely fact specific. *Cf.* Dkt. 93 at 4; *see also Wheeler v. Las Vegas Metro. Police Dep't*, 2022 WL 21781621 at *2 (D. Nev. Mar. 2, 2022) (citing Fed. R. Civ.P. 65(d)(1)(A)-(C)). The sheer number of relevant facts increased by virtue of the added Plaintiffs upon the filing of the Amended Complaint and this necessitates additional time to conduct needed discovery.

Plaintiffs amended their complaint, and while the request for amendment may have been proper, it incontestably upset the settled expectations that were key to areas of agreement on the operative scheduling order. Plaintiffs' apparent belief in Defendants' omniscience about future plaintiffs in a then-not-filed amended complaint aside, good cause exists where new theories and new plaintiffs raise new areas of discovery. As the Court is no doubt aware, there are plenty such areas that must now be explored due to the expansion of the case. Good cause exists to extend the operative deadlines by a mere 3 months.

Plaintiffs conclude on an argument that is tangential to *this* motion but quite helpful in illustrating the depth of the issues at stake here. Citing this Court's decision in *Poe v. Labrador*, Plaintiffs take great exception to the findings of the Legislature that sex reassignment surgery is harmful, citing to the WPATH Standards of Care. But a key argument that Defendants urge before the Court is that these Standards are political, not scientific, documents and entitled to no weight by the Court. This is a question that will require discovery from not only WPATH but the U.S. Department of Health and Human Services. Defendants have a pending FOIA request with HHS, and Defendants expect to engage in additional discovery related to this matter from other organizations as well. This question, which both sides acknowledge is intensely important to this Court's ultimate determination, is one that should be thoroughly aired before moving to final judgment. This requires more time than is currently allotted. Again, a three-month extension is eminently reasonable, and good cause exists.

The Court should grant the Motion to Amend Scheduling Order (Dkt. 69).

DATED: July 19, 2024.

                STATE OF IDAHO
                OFFICE OF THE ATTORNEY GENERAL

                By /s/ *James E. M. Craig*
                JAMES E. M. CRAIG
                Chief, Civil Litigation and
                Constitutional Defense

                *Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 19, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Howard A. Belodoff
howardbelodoff@idaholegalaid.org

Jane Catherine Gordon
Jane@JaneGordonLaw.com

*Attorneys for Plaintiffs*

By:  /s/ *James E. M. Craig*
JAMES E. M. CRAIG