# UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| MH, TB, KB, SG, AC, BM, individually, and G Doe, by and through her parents and next friends, JANE Doe and JOHN Doe, | Case No.: 1:22-cv-00409-REP |
| Plaintiffs, | **ORDER RE:** |
| vs. | **DEFENDANTS' MOTION TO DEFER PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDMGNET AND FOR A PERMANENT INJUNCTION [DKT. 87] OR FOR ADDITIONAL TIME TO CONDUCT DISCOVERY (Dkt. 113)** |
| ALEX ADAMS, in his official capacity as the director of the Idaho Department of Health and Welfare; DR. MAGNI HAMSO, in her official capacity as the Medical Director of the Idaho Division of Medicaid and individually; and the IDAHO DEPARTMENT OF HEALTH AND WELFARE, | **DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER (Dkt. 81)** |
| Defendants, | |

Pending before the Court are (i) Defendants' "Motion to Defer Plaintiffs' Motion for Partial Summary Judgment and for a Permanent Injunction [Dkt. 87] or for Additional Time to Conduct Discovery" ("Motion to Defer") (Dkt. 113), and (ii) Defendants' "Motion to Amend Scheduling Order" (Dkt. 81). Having carefully considered the record and otherwise being fully advised, the Court grants both motions as more fully discussed below:

## I. BACKGROUND

Previous Court orders have discussed the factual and procedural history to this point in the case, so it will not be repeated at length here. *See, e.g.*, MDOs (Dkts. 63, 93 & 96). Suffice it to say, the action's tangled record reveals that, though the action is now nearly two years old, relatively little has been done to substantively work the case toward resolution, replaced instead

**MEMORANDUM DECISION AND ORDER - 1**

by upfront motion practice (portions of which remain on appeal), a recent amended pleading following HB 668's enactment that added multiple plaintiffs to the existing claims, and even more recent briefing surrounding a temporary restraining order ahead of HB 668 going into effect and, to some extent, a preliminary injunction into the future.  Amongst these events, Plaintiffs filed their "Motion for Partial Summary Judgment and for a Permanent Injunction" ("Motion for Partial Summary Judgment") (Dkt. 87).[1]  That Motion targets the existing Idaho Medicaid Exclusion Policy as well as the newly-enacted HB 668 via Plaintiffs' Medicaid Act-related claims (Second and Third Claims for Relief).  *See generally id*.  If successful, the case is over.

This sets the stage for Defendants' requests to defer Plaintiffs' Motion for Partial Summary Judgment (Dkt. 113) and, likewise, to amend the Scheduling Order (Dkt. 81).  At bottom, Defendants claim that, owing to the undeveloped state of proceedings, they need more time to respond to Plaintiffs' Motion for Partial Summary Judgment and ultimately prepare for a trial now premised upon Plaintiffs' Amended Complaint.  *See id*.  Plaintiffs oppose these requests (Dkts. 101 & 117), casting Defendants' arguments in these respects as disingenuous overstatements.

## II. <u>LEGAL STANDARD</u>

Under Rule 56(d), if a nonmoving party at summary judgment shows by affidavit it cannot present facts to justify denying summary judgment, the court may defer consideration of

---

[1]  Plaintiffs filed their Motion for Partial Summary Judgment on June 17, 2024 – the same day they filed their Amended Complaint.  This circumstance made Defendants' deadline to respond to the Motion for Partial Summary Judgment a bit unclear.  *See* 2009 Adv. Comm. Notes to Fed. R. Civ. P. 56 ("If a motion for summary judgment is filed before a responsive pleading is due from a party affected by the motion, *the time for responding to the motion is 21 days after the responsive pleading is due*.") (emphasis added).  Eventually, Defendants answered the Amended Complaint on July 1, 2024 (Dkt. 99).  Defendants' response to the Motion for Partial Summary Judgment therefore became due on July 22, 2024.  However, on July 18, 2024, the Court vacated Defendants' deadline to respond to the Motion for Partial Summary Judgment until the Court could resolve Defendants' at-issue Motion to Defer (Dkt. 121).

**MEMORANDUM DECISION AND ORDER - 2**

or deny the summary judgment motion to allow the nonmoving party to conduct discovery, or it may issue any other appropriate order. *See* Fed. R. Civ. P. 56(d). To prevail on a motion to defer, "[t]he requesting party must show: (i) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (ii) the facts sought exist; and (iii) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Home Loan Mortg. Corp.*, 525 F.3d 822, 827-28 (9th Cir. 2008) (citation omitted). Whether to continue consideration of a motion for summary judgment under Rule 56(d) is a matter of discretion. *See Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 892 (9th Cir. 2012).

## III.  DISCUSSION

The Rules of Civil Procedure do not prohibit filing motions for summary judgment early on, but they are often denied as premature when submitted before the parties have had time to conduct discovery. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery . . . ."); *see also Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070, 1100 n.15 (9th Cir. 2009) (stating that summary judgment was inappropriate where defendant had not answered the complaint and it was "uncertain which allegations are in dispute, much less which disputes might raise genuine issues of material fact"); *Mangum v. Action Collection Serv., Inc.*, 2006 WL 2224067, at *2 (D. Idaho) ("It is generally the rule in the Ninth Circuit that where a summary judgment motion is filed so early in the litigation that a party has not had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should freely grant a Rule 56([d]) motion. In essence, district courts are expected to generously grant Rule 56([d]) motions as a matter of course when dealing with litigants who have not had sufficient time to develop affirmative evidence.") (citing *Burlington Northern & Santa Fe Ry. Co. v. The Assiniboine*, 323 F.3d 767, 773 (9th Cir. 2003)).

**MEMORANDUM DECISION AND ORDER - 3**

Here, Plaintiffs' Motion for Partial Summary Judgment was filed on June 17, 2024 – two weeks before Defendants answered Plaintiffs' Amended Complaint and, critically, before any meaningful discovery could have taken place given the circumstances presented by this action's procedural history and, thus, before it is clear what issues are even in dispute. Therein, Plaintiffs argue that, as a matter of law, Idaho Medicaid's policy and HB 668 violate (i) the Medicaid Act's Availability Requirement (Second Claim for Relief), 42 U.S.C. § 1396a(a)(10)(A),[2] by denying coverage for medically necessary treatments for gender dysphoria, and (ii) the Medicaid Act's Comparability Requirement (Third Claim for Relief), 42 U.S.C. § 1396a(a)(10)(B),[3] because the same treatment is covered for other diagnoses. Mem. ISO MPSJ at 9-16 (Dkt. 87-1). The through-line in these claims is that the gender-affirming care prescribed by Plaintiffs' medical providers – yet precluded from coverage by Idaho Medicaid's policy and HB 668 – is in fact medically necessary to treat Plaintiffs' gender dysphoria.[4] Plaintiffs' Motion for Partial Summary Judgment turns on this lynchpin issue.

It is against this backdrop that the Court considers Defendants' Motion to Defer. For the reasons that follow, the Court is satisfied that Defendants have fulfilled the requirements for deferring Plaintiffs' Motion for Partial Summary Judgment.

---

[2] The Medicaid Act's Availability Requirement requires states to make covered treatment available in sufficient "amount, duration, and scope to reasonably achieve its purpose." 42 C.F.R. § 440.230(b) & (c). But states can "place appropriate limits on a service based on such criteria as medical necessity or on utilization control procedures." 42 C.F.R. § 440.230(d).

[3] The Medicaid Act's Comparability Requirement requires "services available to any individual" be provided in "equal . . . amount, duration, and scope for all beneficiaries . . . ." 42 C.F.R. § 440.240(a) & (b).

[4] Medical care that is understood to be "[n]ecessary to the health of the person on whom it is performed" is exempted from HB 668. I.C. § 18-901(1)(a). Crucially, however, such care "is never necessary to the health of the minor or adult on whom it is performed if it is for the purpose of altering the appearance of an individual in order to affirm the individual's perception of the individual's sex in a way that is inconsistent with the individual's biological sex." *Id.*

**MEMORANDUM DECISION AND ORDER - 4**

First, Defendants have set forth specific facts they hope to discover, premised upon the factual allegations and arguments presented within Plaintiffs' Motion for Partial Summary Judgment, as well as the evidence supplied in support of those same claims. *See generally* Mem. ISO Mot. to Defer at 5-10 (Dkt. 113-1).  For example, Defendants point to their need to (i) depose Plaintiffs themselves (and perhaps others from the 37 individuals whom Plaintiffs identify in their Initial Disclosures as having discoverable information that supports Plaintiffs' claims) to discover the facts related to Plaintiffs' asserted gender dysphoria, their Medicaid eligibility, and their alleged harm; (ii) depose Plaintiffs' medical providers (and Plaintiffs' other experts) relating to Plaintiffs' medical care, together with the purported medical necessity for such care; and (iii) generally conduct the more robust expert discovery that a case like this demands. *Id*. at 5-9 (citing Woodard Decl. at ¶¶ 1-6 (Dkt. 113-2)).

Second, because the above-referenced information originates from Plaintiffs' own submissions and filings to date, Defendants appropriately point out that the facts they hope to prospectively discover necessarily exist. *Id*. at 9.  Said another way: Defendants seek to fully understand and test through discovery the *existing* 46 paragraphs of allegedly material facts that Plaintiffs claim support their Motion for Partial Summary Judgment (Dkt. 87-2), in addition to the *existing* expert declarations that correspond to certain of those same allegedly material facts (Dkts. 87-4 through 87-6).[5]

Third, the above-referenced information is relevant to Defendants' ability to respond to Plaintiffs' Motion for Partial Summary Judgment.  Most obviously, it relates squarely to the alleged medical necessity of medical care now precluded from coverage under Idaho Medicaid's

---

[5]  Plaintiffs have also submitted multiple declarations from another medical provider in support of their argument for preliminary injunctive relief.  *See* Ragan Decl. (Dkts. 95-1 and 108-2).  Defendants submit that they will need to depose Dr. Ragan too.  Mem. ISO Mot. to Defer at 6, n.3 (Dkt. 113-1).

**MEMORANDUM DECISION AND ORDER - 5**

policy and HB 668.  *See, e.g.*, Reply ISO Mot. to Defer at 3 (Dkt. 120) ("Plaintiffs have premised their motion on Medicaid Act claims on the basis of the medical necessity of these treatments.  If these treatments are not medically necessary, or are dangerous or experimental, then the Medicaid Act claims fail.") (internal citations omitted).[6]  It is no surprise that both sides feel strongly about their opposing views on the matter.  They have even marshalled dueling evidentiary support for their positions in relation to Plaintiffs' recent attempt at securing preliminary injunctive relief.  But those efforts confronted only Plaintiffs' likelihood of success on the merits; they did not involve an actual adjudication on the merits.  In contrast, if Plaintiffs' Motion for Partial Summary Judgment proceeds as-is and is successful, a permanent injunction will be the result, effectively bringing the case to an end without any discovery ever taking place.  There is room for a more measured and systematic approach: one that, as is typically the case, allows for the discovery of the contours of the parties' claims, defenses, and surrounding evidence *before* their vetting at summary judgment or trial.[7]

Plaintiffs' Motion for Partial Summary Judgment is therefore premature as Defendants have demonstrated how discovery could produce evidence speaking to Plaintiffs' claims generally, and the medical necessity of gender-affirming care in this setting specifically.  But

---

[6]  The converse is also presumably true.  Additionally important are the aspects associated with Plaintiffs' Medicaid eligibility and individualized harm.  To be sure, it was only after Plaintiffs filed their Amended Complaint and Motion for Partial Summary Judgment that it became known that Plaintiff TB's Medicaid coverage was terminated as of March 1, 2024.

[7]  To some extent, Plaintiffs have already acknowledged the practicalities of this approach when they sought injunctive relief.  *See* Reply ISO Mot. for PI at 4 (Dkt. 108) ("Plaintiffs are unable to conduct the necessary research to address and prepare a comprehensive reply to the issues raised by Defendants and their experts in less than 72 hours.  Plaintiffs . . . would request additional time to address the numerous issues raised by Defendants and their experts that the Court will be considering at the hearing.").  Additionally, that Plaintiffs challenged Defendants' evidence at that time – even raising the potential need for a *Daubert* hearing relative to Defendants' experts (*see id.* at 13-21) – highlights the potential factual undercurrents of an examination into the medical necessity of certain medical care.

**MEMORANDUM DECISION AND ORDER - 6**

rather than defer its consideration for a period certain, the Court will simply deny it, without prejudice, to allow both sides the opportunity to conduct discovery into the issues circulating around Plaintiffs' Medicaid Act-related claims.  Plaintiffs may re-file a motion for summary judgment on these claims after discovery has been conducted.[8]

In the meantime, the Court will not amend the Scheduling Order.  As of now, there is a December 9, 2024 fact discovery deadline, a February 7, 2025 expert discovery deadline, and an April 8, 2025 dispositive motion deadline.  *See generally* Sched. Order (Dkt. 69).  While Plaintiffs' Amended Complaint may have technically expanded the scope of the action by adding more Plaintiffs and bringing HB 668 into the fold, the substantive legal claims remain largely the same.  Extending deadlines is thus not warranted at the moment.  In the event the Scheduling Order ultimately needs to be amended, the parties are encouraged to file a stipulation to that effect; otherwise, the Court will consider a motion to amend at a more appropriate time.

## IV.  **ORDER**

Based upon the foregoing, IT IS HEREBY ORDERED that:

1.     Defendants' "Motion to Defer Plaintiffs' Motion for Partial Summary Judgment and for a Permanent Injunction [Dkt. 87] or for Additional Time to Conduct Discovery" (Dkt. 113) is GRANTED, insofar as Plaintiffs' "Motion for Partial Summary Judgment and for a Permanent Injunction" (Dkt. 87) is DENIED, WITHOUT PREJUDICE.

3.     Defendants' Motion to Amend Scheduling Order (Dkt. 81) is DENIED.

---

[8]  Though ultimately granting Defendants' Motion to Defer, the Court tends to agree with Plaintiffs and is skeptical of Defendants' claimed need for five months of discovery before being able to respond to Plaintiffs' current Motion for Partial Summary Judgment.  Perhaps this is true, but perhaps not, given the underlying nature of any such anticipated opposition.  So, at this time, the Court will not place temporal restrictions on the timing of any future dispositive motion, deferring to the Scheduling Order and the parties' respective litigation strategies.  That said, the Court notes its preference for one summary judgment motion per party.  *See* Sched. Order at 1, n.1 (Dkt. 69).

**MEMORANDUM DECISION AND ORDER - 7**

IT IS ALSO HEREBY ORDERED that Defendants' unopposed Motion to Seal (Dkt. 110) is GRANTED.



DATED:  August 12, 2024

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge