RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

DAVID J. MYERS, ISB #6528
GREGORY E. WOODARD, ISB #11329
AARON M. GREEN, ISB #12397
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
david.myers@ag.idaho.gov
greg.woodard@ag.idaho.gov
aaron.green@ag.idaho.gov

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MH, TB, KB, SG, AC, BM, individually, and G Doe, by and through her parents and next friends, JANE Doe and JOHN Doe,<br><br>*Plaintiffs*,<br><br>v.<br><br>ALEX J. ADAMS, in his official capacity as the Director of the Idaho Department of Health and Welfare; Dr. MAGNI HAMSO, in her official capacity as the Medical Director of the Idaho Division of Medicaid and individually; and the IDAHO DEPARTMENT OF HEALTH AND WELFARE,<br><br>*Defendants*. | Case No. 1:22-cv-00409-REP<br><br>**DECLARATION OF AARON M. GREEN** |

I, Aaron M. Green, declare and affirm that the following is true and correct under penalty of perjury.

1. I am 18 years of age and competent to testify.

2. I am counsel of record in the above captioned matter for Defendants.

3. On September 4, 2024, Plaintiffs propounded discovery requests to Defendants but never provided proposed search terms despite both sides identifying ESI liaisons.

4. I attended the hearing on November 22, 2024, on Plaintiffs' Motion for a Preliminary Injunction.

5. I do not recall Plaintiffs ever raising the need to prepare their clients for depositions with documents in Defendants' possession as a reason for delaying depositions.

6. To the contrary, the only specific reason raised by Plaintiffs' counsel that I recall for delaying depositions was the injury to Plaintiffs' counsel Mr. Belodoff.

7. On December 4, 2024, Plaintiffs' counsel Ms. Gordon sent a discovery dispute letter to my colleagues and I, seeking a meet and confer and raising various areas of dispute.

8. None of those areas of dispute included a need to prepare their clients for their own depositions with Defendants' documents.

9. I attended and participated in the meet and confer held virtually between Plaintiffs' and Defendants' counsel on December 10, 2024.

10. On December 10, 2024, I do not recall Plaintiffs' counsel ever raising the need to prepare their clients for depositions with documents or discovery responses as a reason for delaying depositions.

DECLARATION OF AARON M. GREEN — 1

11. In fact, I do not recall Plaintiffs ever raising the need to prepare their own clients with Defendants' documents or discovery responses as a reason to delay depositions.

12. Again, the only explicit rationale for extending discovery further that was provided by Plaintiffs' counsel was the injury to Plaintiffs' counsel.

13. Mr. Belodoff indicated during the December 10 meet and confer that his primary desire with respect to document production was the prompt production of a privilege log, along with more frequent communication about the status of our rolling production.

14. We conceded at the December 10 that our communication could have been more frequent but explained that our staff (including myself and paralegals who ordinarily would have been reviewing documents over the month of November) had been needed for a multiple-week civil trial in Ada County—*Adkins v. State of Idaho*.

15. On December 10, I agreed to both requests for a privilege log and supplemented production, promising a privilege log to be delivered that Friday, December 13, 2024, as well as a supplemented production of responsive documents.

16. I also affirmed on December 10 our desire to be more communicative about the status of our rolling production.

17. With respect to our discussion of search terms on December 10, I invited Plaintiffs to provide us with any additional search terms or custodians that they wanted us to examine and reminded them (as I had in writing earlier that day, *see* Exhibit 5, 14) that we had already given them search terms, and had invited them back in early October to narrow the search with more specific terms.

18. On December 10, Mr. Belodoff agreed to provide any additional search terms in about a week, suggesting initially that the term "sex reassignment" should have been included, before both parties realized that the term had already been used by Defendants in their search.

19. Both representations made by Defendants' counsel on December 10 were kept: I delivered to opposing counsel a privilege log that Friday (which has since been produced at least twice to the Court) alongside a supplemental production and have provided roughly weekly updates on the status of our review.

20. I have also updated counsel regularly with the status of our rolling production and provided supplements to production or the privilege log as necessary.

21. Plaintiffs' counsel affirmed during the Meet and Confer that additional extensions to fact discovery would be granted.

22. Of special note: towards the end of the Meet and Confer call, I have a distinct and vivid recollection of my colleague, Greg Woodard, asking Mr. Belodoff whether he intended to enforce the January 9, 2025, fact discovery cutoff. Mr. Woodard appeared intent on confirming the parties mutual understanding that this was not the case before the call concluded.

23. Mr. Belodoff's response to that question was "No" along with a shake of the head indicating the same.

24. On December 27, 2024, in keeping with my recollection of counsel's representations (as I noted in that email, *see* Exhibit 7), I sent an email to Plaintiffs' counsel seeking to formalize an extension of time beyond January 9, 2025, for fact discovery. In addition to that deadline, which counsel had represented he would move, I requested a

DECLARATION OF AARON M. GREEN — 3

stipulation to two other deadlines I thought would make sense to move as well. The email invited dialogue as to the particulars of any extension.

25. On December 30, 2024, I was surprised when Defendants' counsel Ms. Gordon rejected any extension categorically, given the previous representations of her co-counsel. That denial prompted this round of motion practice.

26. Plaintiffs still have not reached out with any additional search terms.

27. Attached to my declaration are true and correct copies of emails between myself, Mr. Woodard, and Plaintiffs' counsel (Exhs. 1-12), a meet and confer letter from Plaintiffs' counsel (Ex. 13) and responsive letters from Defendants' counsel (Exhs 14, 15).

DATED: January 15, 2025.

        STATE OF IDAHO
        OFFICE OF THE ATTORNEY GENERAL


    By:  /s/ *Aaron M. Green*
       AARON M. GREEN
       Deputy Attorney General

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 15, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Howard A. Belodoff
hbelodoff@hotmail.com

Jane Catherine Gordon
Jane@JaneGordonLaw.com

*Attorneys for Plaintiffs*

                                                    /s/ *Aaron M. Green*
                                                    AARON M. GREEN