# Exhibit 14



# STATE OF IDAHO

### OFFICE OF THE ATTORNEY GENERAL

### RAÚL R. LABRADOR

December 10, 2024

Howard A. Belodoff
Jane Gordon
Law Office of Howard A. Belodoff PLLC
1004 West Fort St.
Boise, Idaho 83702
hbelodoff@hotmail.com
jane@janegordonlaw.com

Re:   *M.H., et al., v. Adams, et al., Case No. 1:22-cv-00409*
      *Fed. R. Civ. Proc. 37 and Local Civ. R. Proc. 37.1 Meet and Confer Request Regarding Defendants'*
      *Responses to Plaintiffs' First Set of Interrogatories, Requests for Production and Requests for*
      *Admissions*

Dear Counsel:

This letter is in response to your request for a meet and confer sent December 4, 2024, and responds to the concerns raised regarding discovery responses. Taking your objections in order, we hope this provides some context and helpful feedback for our discussion this afternoon.

As an initial matter, since you provide few specific examples of what specific discovery requests are deficient, it makes it difficult to respond other than in general terms. If you can identify specific requests that you believe require supplemental responses, please identify them.

1)
General objections

Your assertion that general objections are improper is incorrect. General objections are permissible when accompanied by specific objections to each discovery response in order to "preserve certain objections." *BBC Group NV LLC v. Island Life Retirement Group LLC*, 2019 WL 2326212 at *4 (W.D. Wash. 2019); *Smith v. Bank of America, N.A.*, 2019 WL 7188571 at *4 (C.D. Cal. 2019).

December 10, 2024
Page — 2

As argued in the response itself, Defendant generally objected because the definition of "You" and "Your" given in Plaintiffs' First Set of Requests includes only the "Defendant to whom these Interrogatories and Requests are addressed" and persons acting "on your behalf." It is not possible to tell which Defendant, for example, Request for Production No. 34 refers to, because no specific Defendant is named. Indeed, even when presented with this proper objection, your December 4 meet and confer letter fails to clarify what Defendant is referred to in your requests. Defendants stand by these objections, but again without waiving them, affirms that a good faith effort was made to respond to the discovery requests notwithstanding the lack of clarity in Plaintiffs' definitions.

2) "Boilerplate" objections

Contrary to the characterization in your meet and confer letter, the objections raised in the response were not "boilerplate" but tracked the specific issues raised (repeatedly) by Plaintiffs' requests. "The mere fact that an objection is repeated does not alone render it boilerplate in nature." *Moriarty v. American Gen. Life Ins. Co.*, 2018 WL 3832935 at *2 (S.D. Cal. 2018).

Further, Defendants do explain – every single time – why Defendants make an objection on the basis that the discovery request is unduly broad and burdensome; whether it is because the request tracks the allegations in the complaint and Defendants' denials—which as Plaintiffs' letter acknowledges, would require responding to over 300 subparts—or because it seeks attorney-client privileged information, or any other objection. Those are explanations that are specific to each request, and are necessarily repeated because Plaintiffs' interrogatories repeatedly trigger the same concerns. This is true, even though your discovery letter characterizes explanations as "assertions." Defendants are not merely standing on a blanket "overbroad and unduly burdensome" objection but have taken the time in each case to explain why it is overly broad or unduly burdensome. To the extent that any particular explanation is not to Plaintiffs' satisfaction, Plaintiffs do not identify any particular request and response with which Plaintiffs disagree.

To the extent that your letter suggests that these explanations are inadequate or inappropriate, we disagree. Taking them each in turn as you numbered them:

i)    Discovery requests that systematically track the allegations in an opposing party's pleadings or that ask for "each and every fact and application of law to fact that supports the party's allegations, are an abuse of the discovery process because they are overly broad and unduly burdensome." *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (collecting cases); *Lawrence v. First Kan. Bank & Tr. Co.*, 169 F.R.D. 657, 662-63 (D. Kan. 1996).

ii)   Discovery requests that request a party to "itemize its evidence and trial strategy" are per se overly broad and unduly burdensome. *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 322 (D. Kan. 1998).

December 10, 2024
Page — 3

iii)   Discovery requests that seek interrogatory responses in excess of Rule 34(a)(1), including all subparts, are improper. *See also* Dkt. 69 at 2 ¶ 4.

iv)   It is facially impossible to know all persons "who purports to have knowledge" of all facts in the amended complaint.

v)   Rule 26(b)(1) permits parties to seek discovery relevant to a party's claim or defense. Where a request seeks discovery as to other parties or other claims, it is not seeking proper discovery.

vi)   Rule 26(b)(1) does not permit parties to seek privileged material.

vii)   As described in the discovery response, asking a party to disclose material to be used in support of a motion that has not been filed yet is impossible.

viii)   "[I]nterrogatories are improper where they ask the respondent to provide an expert opinion," and seek an expert opinion before the deadline has closed to provide expert disclosures. *Amgen Inc. v. Sandoz Inc.*, 2017 WL 1352052 at *2 (N.D. Cal. 2017); *see also* F.R.C.P. 26(a)(2)(D).

ix)   To the extent that the interrogatories do not define the Defendant to whom they are addressed, it is impossible to know whether the response is adequate. Nonetheless, Defendants again affirm that a good faith effort was made to respond to such defective interrogatories, but maintain their general objection.

x)   Given that this is not now a certified or putative class action lawsuit, discovery as to relief that may be available to non-parties is not available under Rule 26(b)(1). Plaintiffs have not requested class discovery. *See Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 209 (9th Cir. 1975) (citing *Berland v. Mack*, 48 F.R.D. 121, 126 (S.D.N.Y. 1969)).

Defendants stand by each of these objections and explanations.

3)   Conditional responses

The letter argues that conditional responses are always inappropriate. This is incorrect. There is no binding district or Ninth Circuit authority concerning conditional responses, and courts in the Ninth Circuit have rejected the premise that conditional responses must be withdrawn. *R. Fellen, Inc. v. Rehabcare Group, Inc.*, 2016 WL 1224064 at *2 (E.D. Cal. 2016).

It is also worth noting that Plaintiffs have similarly responded to Director Adams' propounded questions, specifically with respect to Interrogatory No. 8 and Request for Production No. 4—without giving notice as to what objections were not being waived by Plaintiffs' response.

4)   Excess interrogatory objections

Plaintiffs served interrogatories seeking, among other things, responses for every single denial in Defendants' Answer to the Amended Complaint. As the letter acknowledges, this calls for more than 300 subparts on various issues. Plaintiffs' suggestion that Defendants were required to explain why every subpart was distinct is non-sensical: that would require

December 10, 2024
Page — 4

responses to interrogatories where no response was required and would in effect require answers to the supernumerary interrogatories that were improper. Defendants stand by this objection.

   5) Privilege objections

   The Ninth Circuit has rejected a per-se waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30-day time limit. *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Montana*, 408 F.3d 1142, 1147 (9th Cir. 2005); *see also Ludlow*, 2019 WL 6252926 at *14 n.14 (collecting cases). In this case, simply put, the privilege log has been delayed because in addition to reviewing 30,000 documents for responsiveness, a privilege review is also required. Defendants affirm that they will produce a privilege log and are open to discussing a rolling or amended log as voluminous discovery is reviewed.

   6) Discovery plan objections

   Plaintiffs' observations here are not supported. There is a discovery plan that was entered by the Court, namely "in accordance with the Federal Rules of Civil Procedure, the Local Rules for the District of Idaho, *and those portions of the parties' proposed Discovery Plans upon which the parties agree.*" Dkt. 69 at 2 ¶ 4. "Those portions are incorporated herein by reference." *Id.*

   As to what Defendants take to be Plaintiffs' objections to search methodology, Defendants identified in their initial disclosures persons at IDHW who likely have knowledge. It does not take much to suppose that they are the most likely custodians of electronic discovery. Moreover, to the extent that Plaintiffs wanted a discrete list, or specific search terms searched, both sides have identified liaisons who are supposed to bring ESI issues to the other side. This was never done.

   Separately, the allegation that search terms were not shared is false. *See* October 4, 2024 email from Greg Woodard. Plaintiffs never responded to the request on October 4, 2024 to collaborate on search terms, even when Defendants offered to do so. If you believed that there were better search terms to use, or a way to narrow the search terms to reduce the large number of documents our search produced, you should have provided them.

   Simply put, whatever complaints Plaintiffs bring now are heavily belated and not supported by the law or facts. Requests for emails, custodians, search terms, methodologies, or anything else could have been had informally even before discovery was propounded. Notwithstanding this delay, Defendants remain ready and willing to collaborate on ESI and look forward to suggestions from Plaintiffs.

   The request for a Rule 30(b)(6) deposition on search methodology is improper "discovery on discovery" and no witness will be produced. *See Alley v. MTD Products, Inc.*, 2018 WL 4689112 at * 2 (W.D. Penn. Sept. 28, 2018) (granting motion for protective order where

December 10, 2024
Page — 5

party sought 30(b)(6) deposition for "creating, storing, retrieving, and retaining documents"); *Zeitlin v. Bank of America, N.A.*, 2021 WL 5154114 at * 2 (D. Nev. Nov. 5, 2021) (prohibiting plaintiffs from questioning 30(b)(6) witness "on its discovery methods").

## 7) Expert objections

Pursuant to the discussion above concerning the scope of Plaintiffs' improper contention interrogatories, the suggestion that any Request for Admission is deemed admitted in relation to experts (or anything else) before the time for expert disclosure has passed is not well taken. Defendants intend to provide full and fair expert disclosure when expert disclosures are due in accordance with Rule 26 and the operative Scheduling Order.

## 8) Scope objections

The filing of a class action motion, particularly where the complaint does not seek relief is not grounds for providing discovery that is not relevant to a *party's* claims or defenses. As noted above, Plaintiffs have not sought class discovery—which courts will permit when necessary to determine the existence of a class. *Al Otro Lado, Inc. v. Nielsen*, 328 F.R.D. 408, 424 (S.D. Cal. 2018). As outlined in Defendants' response to the motion for class certification, even if the class relief and nature of the class were well pled in the complaint, the class as identified in the motion fails as a matter of law under Rule 23. The objection is not moot and Defendants stand by the objections.

## 9) CPT codes

Defendants properly objected based on the nature of the request seeking "cisgender" and "transgender" approvals by CPT code. IDHW does not track the gender identity of individual members, and given the definition for "transgender" given in the complaint, it would be impossible to do so. *See* Dkt. 89 at ¶¶ 159, 162 (defining "transgender" on the basis of a difference between sex and "internal sense of sex"). IDHW does not track participants' "internal sense of sex." Not only would responding to the CPT code requests require making additional inquiries of IDHW Medicaid applicants that are not now asked, but it would also require the creation of documents tracking a metric that is not currently kept. Defendants stand by their objections.

## 10) Identification of documents responsive to specific requests

Defendants recognize that the general instructions provided by Plaintiffs with their discovery requests ask Defendants to categorize documents by responsiveness to particular discovery requests. Rule 34 does not require parties to respond by categorizing documents in this manner, and you have cited no authority that requires Defendants to do so. Defendants will accordingly decline to categorize documents as they are produced because doing so will further delay review and production of the thousands of pages of documents which are being reviewed because Plaintiffs did not supply alternative keyword searches.

December 10, 2024
Page — 6

Sincerely,

Aaron M. Green
Deputy Attorney General