# UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| MH, KB, SG, AC, BM, individually, and G Doe, by and through her parents and next friends, JANE Doe and JOHN Doe,<br><br>     Plaintiffs,<br><br>     vs.<br><br>ALEX ADAMS, in his official capacity as the Director of the Idaho Department of Health and Welfare; DR. MAGNI HAMSO, in her official capacity as the Medical Director of the Idaho Division of Medicaid and individually; and the IDAHO DEPARTMENT OF HEALTH AND WELFARE,<br><br>     Defendants, | Case No.: 1:22-cv-00409-REP<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**PLAINTIFFS' MOTION FOR PAYMENT OF FEES FOR DEPOSITIONS OF EXPERTS UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(b)(4)(E)**<br><br>**(Dkt. 173)** |

Pending before the Court is Plaintiffs' Motion for Payment of Fees for Depositions of Experts Under Federal Rule of Civil Procedure ("FRCP") 26(b)(4)(E) (Dkt. 173). For the reasons more fully discussed below, the Motion is granted, in part, and denied, in part.

## I. BACKGROUND

Plaintiffs move for an order requiring Defendants to pay the fees of two retained experts, Dr. Meredithe McNamara and Dr. Loren Schechter, for time spent preparing for and attending their depositions. Defendants noticed and took Dr. McNamara's deposition on February 27, 2025, and noticed and took Dr. Schechter's deposition the next day. Each expert had previously been disclosed under FRCP 26(a)(2) and submitted written reports.

Following the depositions, Plaintiffs submitted invoices reflecting both the experts' actual deposition time, as well as the time spent preparing for their depositions. Dr. McNamara

**MEMORANDUM DECISION AND ORDER - 1**

billed at a rate of $450/hour, while Dr. Schechter billed at $400/hour.  Plaintiffs contend that

both experts' preparation included reviewing their own reports, Defendants' expert reports, and

limited consultation with counsel, and that the total time spent was reasonable in light of the

length and scope of the depositions.

Defendants objected to several aspects of the invoices.  First, they argued that Dr.

McNamara's rate was inconsistent with her November 2024 expert disclosure, which stated that

she charged $250/hour for deposition testimony.  Moreover, in January 2025, Defendants'

counsel confirmed that lower rate.  Second, Defendants objected to certain billing practices they

characterize as trial preparation rather than deposition preparation.  This included Dr.

Schechter's review of Defendants' expert reports, as well as both experts' consultations with

Plaintiffs' counsel.  According to Defendants, FRCP 26(b)(4)(E) requires payment only for time

reasonably spent to prepare for depositions noticed by the opposing party, not for trial

preparation tasks performed on behalf of the retaining party.

The parties exchanged correspondence on these issues.  Throughout, Plaintiffs

maintained that (i) the experts' billed time was reasonable; (ii) Dr. McNamara's $450/hour rate

is consistent with prevailing market rates and, incidentally, is comparable to Defendants' own

experts' rates; (iii) Dr. McNamara's $450/hour rate is distinct from the pro bono rate she had

previously agreed to charge Plaintiffs when they were represented by Idaho Legal Aid Services

("ILAS");[1] and (iv) reviewing Defendants' expert reports was necessary given the topics actually

raised during Dr. Schechter's deposition.  Defendants responded that the invoiced fees were

overall inflated and unsupported.  Nonetheless, Defendants offered to pay lower amounts,

---

[1]  Plaintiffs explained that their "counsel is no longer being provided by ILAS …
because ILAS is prohibited by federal regulations from participating in a class action."  Pls.'
Mem. at 6 (Dkt. 173-3) (citing 45 C.F.R. § 1617).  On August 12, 2025, the Court denied
Plaintiffs' class certification motion.  *See* 8/12/25 MDO (Dkt. 202).

**MEMORANDUM DECISION AND ORDER - 2**

consistent with Dr. McNamara's disclosed $250/hour rate and more limited preparation time.

Defendants also cautioned Plaintiffs that they would seek court intervention if no agreement

could be reached.  When no resolution happened, Plaintiffs filed the at-issue Motion seeking an

order requiring payment of their requested fees and, additionally, an award of attorney's fees

under FRCP 37 given that Defendants' conduct necessitated motion practice.  The parties'

arguments track those raised in their above-referenced correspondence to each other. The Court

takes up those arguments now.

## II.  LEGAL AUTHORITY

The parties do not dispute the standard to be used in evaluating Plaintiffs' Motion, only

its application.  With respect to expert witness fees, FRCP 26(b)(4)(E) provides that absent

"manifest injustice," a party who seeks discovery from an expert must "pay the expert a

reasonable fee for time spent in responding to [the] discovery …."  Fed. R. Civ. P. 26(b)(4)(E)(i).

"The federal courts that have addressed this issue generally apply seven factors in

determining the reasonableness of an expert's fees.  These include: (i) the expert's area of

expertise; (ii) the education and training required to provide the expert insight that is sought; (iii)

the prevailing rates of other comparable respected available experts; (iv) the nature, quality and

complexity of the discovery responses provided; (v) the fee actually charged to the party that

retained the expert; (vi) fees traditionally charged by the expert on related matters; and (vii) any

other factor likely to be of assistance to the court in balancing the interests implicated by Rule

26." *Walker v. Spike's Tactical, LLC*, 2015 WL 70812, at *2 (D. Nev. 2015).[2]  "[U]ltimately, it

is the court's discretion to set an amount that it deems reasonable." *Id.*

---

[2]  Courts recognize that six of these factors combine to "reflect[ ] the hourly rate that [the expert] is able to charge the party who first retains his services …." *Jalowsky v. Provident Life and Accident Ins. Co.*, 336 F.R.D. 452, 454 (D. Ariz. 2020) ("This rate is determined by the 'invisible hand' of the market … [and] is to a first approximation what one might term 'fair.'").

MEMORANDUM DECISION AND ORDER - 3

### III. <u>DISCUSSION</u>

The parties' dispute turns on three questions: (i) whether Dr. McNamara's deposition rate of $450/hour is reasonable in light of her and Plaintiffs' counsel's prior disclosure of a rate of $250/hour; (ii) whether preparation activities, such as reviewing Defendants' expert reports and consultation with Plaintiffs' counsel, are compensable under Rule 26(b)(4)(E); and (iii) whether Plaintiffs are entitled to attorney's fees under Rule 37. The Court addresses each of these questions below.

**A.      Dr. McNamara's Hourly Rate**

Plaintiffs submitted an invoice charging $450/hour relating to Dr. McNamara's February 27, 2025 deposition. *See* 2/28/25 Invoice, attached as Ex. E to Green Decl. (Dkt. 176-6). But Dr. McNamara's November 2024 expert disclosure stated that she charged less than that for deposition testimony: only $250/hour. *See* Expert Decl. at ¶ 19, attached as Ex. D to Green Decl. (Dkt. 176-5) ("I am being compensated at an hourly rate of $250/hour plus expenses for my time spent preparing this Declaration and providing local testimony including deposition or providing hearing testimony by telephone or teleconference."). And Plaintiffs' counsel confirmed that lower rate to Defendants in January 2025 when discussing potential dates for Dr. McNamara's deposition. *See* 1/17/25 email, attached as Ex. C to Green Decl. (Dkt. 176-4) ("Dr. McNamara's fee is $250 per hour. She anticipates at least 16 hours to prepare and attend a full day deposition. If it does not take that long, she will not charge you and you will be reimbursed.").

Given this, Defendants did not reimburse Dr. McNamara at the $450/hour rate. They argue that, "[s]pringing a hidden surcharge on Defendants *after* the deposition has been taken [is] plainly unreasonable." Defs.' Resp. at 8 (Dkt. 176) (emphasis in original) (citing *Jochims v. Isuzu Motors, Ltd.*, 141 F.R.D. 493, 496 (S.D. Iowa 1992); *Jalowsky*, 336 F.R.D. at 454; *New York v. Solvent Chem. Co.*, 210 F.R.D. 462, 470 (W.D.N.Y. 2002)). Plaintiffs counter that the

**MEMORANDUM DECISION AND ORDER - 4**

$250/hour rate was a subsidized pro bono rate applicable when ILAS funded the case, and that

the $450/hour rate reflects a reasonable market rate in any event given Dr. McNamara's

educational and professional credentials, especially when compared to Defendants' own experts,

who bill at rates of $400-$750/hour.  Pls.' Reply at 4-6 (Dkt. 180).

Rule 26(b)(4)(E) provides that the deposing party must pay a "reasonable fee," and the

touchstone for reasonableness is what the retaining party agreed to pay at the time of disclosure.

*See Jalowsky*, 336 F.R.D. at 454 (focusing on the factor relating to "the fee actually charged to

the party that retained the expert").  Still, it is "reasonable to charge a modestly higher fee for a

deposition taken by adverse counsel."  *Id*. (noting that depositions of adverse experts are often

stressful and adversarial, which require better preparation and more thoughtful and precise

answers by the expert deponent).  Plaintiffs contend that that Dr. McNamara's $250/hour rate

reflected a now-inapplicable pro bono rate, and that her invoiced $450/hour rate is justified under

the evolved circumstances.  That may be true – *if* Plaintiffs disclosed the dual fee-arrangement in

advance or amended Dr. McNamara's Rule 26(a)(2)(B) disclosure *before* her deposition.  But

Plaintiffs did neither.  To be sure, they even confirmed to Defendants Dr. McNamara's lower

$250/hour rate when coordinating her deposition.

The Court concludes that it would be unfair to allow Plaintiffs to shift the rate after Dr.

McNamara's deposition occurred.  Defendants were entitled to rely on Plaintiffs' repeated

representations when noticing Dr. McNamara's deposition and deciding how to go about

conducting it.  While Dr. McNamara's credentials may well justify higher rates in a different

context, Plaintiffs are bound by the $250/hour rate they disclosed in this litigation.  That is

indeed the point of expert disclosures.  Accordingly, the Court sets Dr. McNamara's reasonable

hourly rate at $250/hour for deposition testimony and preparation time.

Plaintiffs' Motion is denied in this respect.

**MEMORANDUM DECISION AND ORDER - 5**

**B.    Compensability of Preparation Time**

Rule 26(b)(4)(E)(i) authorizes the recovery of a "reasonable fee" for time an expert spent "responding to discovery."  Fed. R. Civ. P. 26(b)(4)(E)(i).  The Ninth Circuit in *Miller v. Sawant*, 114 F.4th 1071 (9th Cir. 2024), confirmed that this includes deposition preparation.  *Id*. at 1073-74 ("[T]he plain text of Federal Rule of Civil Procedure 26 allows for the recovery of reasonable expenses for time an expert witness, whose opinions may be presented at trial, *spends preparing for a deposition*.") (emphasis added).  Here, Plaintiffs seek to recover preparation time for both Dr. McNamara and Dr. Schechter.  *See generally* Pls.' Mem. (Dkt. 173-3).  Dr. Schechter's invoice includes hours spent reviewing Defendants' expert reports (as well as Dr. McNamara's report), and both invoices include time spent consulting with Plaintiffs' counsel, Mr. Belodoff.  *See* 2/28/25 Invoices, attached as Exs. E & F to Green Decl. (Dkts. 176-6 & 7).[3]  Defendants argue that these invoiced times go beyond "responding to discovery" and instead constitute unrecoverable trial preparation.  *See* Defs.' Resp. at 9-13 (Dkt. 176).  The Court agrees in part.

First, the Court concludes that Dr. Schechter's review of the relevant expert reports is compensable.  Although Dr. Schechter was not disclosed as a rebuttal expert, given the complex subject-matter involved in this case, the expert reports he reviewed while preparing for his deposition relate to his own expert report and anticipated deposition testimony.  Defendants' apparent questioning of Dr. Schechter during his deposition prove as much.  *See* Pls.' Mem. at 6

---

[3]  Though Dr. McNamara's invoice does not explicitly reference time spent consulting with Plaintiffs' counsel (it simply states throughout: "deposition preparation"), the parties' informal correspondence following Dr. McNamara's deposition suggests that such consultation took place.  *See* 3/27/25 email, attached as Ex. B to Green Decl. (Dkt. 176-3) (for Dr. McNamara's deposition, Plaintiffs' counsel responding to Defendants' counsel on the issue of Dr. McNamara's "deposition preparation": "The hours of deposition preparation included her review of her two expert reports, Defendants' voluminous expert reports, and associated documents, research and articles. *This also included preparation with Plaintiffs' counsel.*") (emphasis added).  However, Plaintiffs now state that "Dr. McNamara did not request her time with counsel." Pls.' Reply at 6, n.9 (Dkt. 180).

**MEMORANDUM DECISION AND ORDER - 6**

(Dkt. 173-3) (discussing Defendants' line of questioning during Dr. Schechter's deposition) (citing Ex. 6 to Belodoff Decl. (Dkt. 173-2)).  Thus, it was reasonable for Dr. Schechter to review these expert reports ahead of his deposition.  This, in turn, renders the recovery of those expenses reasonable under *Miller*, such that their award does not result in manifest injustice.  *See Miller*, 114 F.4th at 1076 (noting "Rule 26's existing textual limitations on recoverable fees: namely, that fees must be 'reasonable,' and their award must not result in 'manifest injustice.'") (quoting Fed. R. Civ. P. 26(b)(4)(E)(i)).[4]

Plaintiffs' Motion is granted in this respect.

Second, the Court concludes that Plaintiffs' experts' time consulting with Plaintiffs' counsel in preparation for deposition is not compensable.  Time spent strategizing with retained counsel is a fact-dependent inquiry and generally does not advance the opposing party's discovery efforts.  As such, it is properly characterized as trial preparation, not deposition preparation.  Accordingly, courts have held that such time is not compensable.  *See All Cities Realty, Inc. v. CF Real Est. Loans, Inc.*, 2008 WL 10594412, at *6 (C.D. Cal. 2008)

---

[4] This conclusion is supported by the fact that the hours claimed are proportionate to the length of the deposition: Dr. Schechter spent a total of seven hours preparing for a seven-hour deposition. *See* 2/28/25 Invoice, attached as Ex. F to Green Decl. (Dkt. 176-7).  This 1:1 ratio, combined with the complexity of the case, suggests a presumption of reasonableness. *See, e.g.*, *LK Nutrition, LLC v. Premier Research Labs, LP*, 2015 WL 4466632, at *3 (N.D. Ill. 2015) (commenting that courts "have looked to the preparation time in relation to the deposition time, and the nature or complexity of the case, to establish a reasonable ratio of preparation time to actual deposition time for the case," with courts approving "a 1:1 up to a 3:1 ratio depending on the nature of the required document review, breadth of the expert's involvement, and difficulty of the issues.") (internal quotation marks omitted); *Cricut, inc. v. Enough for Everyone, Inc.*, 2024 WL 1585600, at *3 (D. Utah 2024) (courts are reluctant to shift fees when the ratio of preparation time to deposition time is 3:1 or greater); *Pizzuto v. Blades*, 2011 WL 2690134, at *2 (D. Idaho 2011) (more or less same).

**MEMORANDUM DECISION AND ORDER - 7**

("Furthermore, the Court will not reimburse fees for the experts' time spent in conference with counsel prior to the depositions.").[5]

Plaintiffs' Motion is denied in this respect.

**C.    Attorney's Fees Under Rule 37**

Even assuming that Rule 37's fee-shifting provision applies to disputes over Plaintiffs' demanded expert fees (the parties dispute this point), they are not appropriate here.  Whereas Plaintiffs argue that Defendants forced motion practice by refusing to pay fees clearly authorized by binding caselaw, the Court sees it a bit differently.  To wit: certain of Defendants' arguments in response to Plaintiffs' Motion have merit.  *See supra*.  Under these circumstances, sanctions against Defendants are not proper.

Plaintiffs' Motion is denied in this respect.

## IV.  <u>ORDER</u>

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiffs' Motion for Payment of Fees for Depositions of Experts Under Federal Rule of Civil Procedure 26(b)(4)(E) (Dkt. 173) is GRANTED in part, and DENIED in part, as follows:

---

[5]  The practical effect of this determination is minimal here. Dr. McNamara apparently did not bill her time with counsel. *See supra*.  And Dr. Schechter indicated only two instances where he consulted with counsel: (i) on February 17, 2025 (with a total entry of two hours), and (ii) February 28, 2025 (with a total entry of 7 hours).  *See* 2/28/25 Invoice, attached as Ex. F to Green Decl. (Dkt. 176-7).  But Defendants already agreed to compensate Dr. Schechter for the full seven hours on February 28, 2025.  *See* 4/14/25 email, attached as Ex. B to Green Decl. (Dkt. 176-3) ("However, in an effort to avoid us filing an unnecessary motion ,we are willing to pay for a full seven hours ($2,800).").  So, only .8 hours on February 17, 2025 is to be deducted from Dr. Schechter's invoice.  *See* 3/27/25 email, attached as Ex. B to Green Decl. (Dkt. 176-3) (Plaintiffs' counsel identifying that Dr. Schechter's "preparation time with counsel on February 17th was 0.8 hours and the remaining 1.2 hours was spent preparing and reviewing documents").  What's more, Plaintiffs claim that Dr. Schechter's time with counsel on February 17, 2025 for .8 hours "was necessary in order to confirm his schedule for the deposition outside of his teaching and surgical schedule and to work out the logistics for his virtual deposition."  Pls.' Reply at 6, n.9 (Dkt. 180).  It cannot be said that such time – characterized in such terms – was devoted to responding to discovery and is therefore unrecoverable for this separate reason.

**MEMORANDUM DECISION AND ORDER - 8**

1.      Dr. McNamara's hourly rate for preparing for and attending her deposition is $250/hour.  In this respect, Plaintiffs' Motion is DENIED.

2.      Dr. Schechter's review of the surrounding expert reports is compensable.  In this respect, Plaintiffs' Motion is GRANTED.

3.      Dr. Schechter's time consulting with Plaintiffs' counsel in preparation for his deposition is not compensable.  In this respect, Plaintiffs' Motion is DENIED.

4.      Sanctions under Rule 37 are not warranted.  In this respect, Plaintiffs' Motion is DENIED.

IT IS THEREFORE ADDITIONALLY HEREBY ORDERED that Plaintiffs' experts be reimbursed as follows:

1.      Dr. McNamara: $3,625.00 (14.5 hours at $250/hour).[6]

2.      Dr. Schechter: $5,280.00 (13.2 hours at $400/hour).

DATED:  September 23, 2025

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

---

[6] Dr. McNamara's invoice seeks reimbursement for 12.5 hours of deposition-related time, however the billed time actually adds up to 14.5 hours, not 12.5 hours.  *See* 2/28/25 Invoice, attached as Ex. E to Green Decl. (Dkt. 176-6).

**MEMORANDUM DECISION AND ORDER - 9**