HOWARD A. BELODOFF, ISB # 2290
Law Offices of Howard Belodoff, PLLC
1004 Fort St.
Boise, ID 83702
Telephone: (208) 331-3378
Facsimile: (208) 947-0014
hbelodoff@hotmail.com

JANE GORDON, ISB # 9243
Jane Gordon Law
1004 W. Fort Street
Boise, ID 83702
Telephone: (208) 371-4747
Facsimile: (208) 807-2290
Jane@JaneGordonLaw.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MH, KB, SG, AC, BM, individually and G DOE, by and through her parents and next friends, JANE Doe and JOHN Doe,<br><br>*Plaintiffs*,<br><br>v.<br><br>JULIET CHARRON, in her official capacity as the Director of the Idaho Department of Health and Welfare; Dr. MAGNI HAMSO, in her official capacity as the Medical Director of the Idaho Division of Medicaid and individually; and the IDAHO DEPARTMENT OF HEALTH AND WELFARE,<br><br>*Defendants*. | Case No. 1:22-cv-00409-REP<br><br>**STIPULATION TO DISMISS THE FIRST, SECOND, AND THIRD CLAIMS FOR RELIEF IN THE AMENDED COMPLAINT [DKT. 86]** |

Pursuant to Federal Rules of Civil Procedure 41(a)(1)(A)(ii), Plaintiffs, by and through

their counsel of record, Howard A. Belodoff, Law Office of Howard Belodoff, PLLC and Jane

Gordon Law, and Defendants, by and through their counsel Gregory E. Woodard and Aaron M. Green, Office of the Attorney General, do hereby stipulate and agree as follows:

1.      Since the Amended Complaint, Dkt. 86, the United Stated Supreme Court issued an opinion in *Medina v. Planned Parenthood South Atlantic*, 145 S. Ct. 2219 (2025), upholding South Carolina's policy of prohibiting any clinic that provides abortion services from participating in the state's Medicaid program. The Supreme Court determined that the provider provision, of the Medicaid Act was not enforceable under 42 U.S.C. § 1983 as Spending Clause legislation because of the lack of clear and unambiguous "rights-creating language.".

2.      The Amended Complaint asserted Claims for Relief, pursuant to Section 1983, under 42 U.S.C. § 1396a (a)(19), (a)(3), (10)(A), and (10)(B) of the Medicaid Act. Plaintiffs contend that *Medina,* while not directly addressing the continued enforceability of these Sections, may affect their continuing enforceability under the Medicaid Act pursuant to existing Ninth Circuit and other Circuit Court case precedents. *See KW v. Armstrong*, 789 F.3d 962, 971 n. 3 (9th Cir. 2014) (citing *Watson v. Weeks*, 436 F.3d 1152, 1159-62 (9th Cir. 2006) (collecting cases).

3.      Plaintiffs believe at this time, rather than litigate the merits of the Medicaid Act, these claims should be dismissed without prejudice on the merits in this action. Therefore, the Plaintiffs agree to stipulate to the following:

      a.   The Second Claim for Relief in the Amended Complaint (Dkt. 86) shall be dismissed pursuant to Federal Rules of Civil Procedure 41(a)(2) by Court order.

      b.   The Third Claim for Relief in the Amended Complaint (Dkt. 86) shall be dismissed pursuant to Federal Rules of Civil Procedure 41(a)(2) by Court order.

c.  The Fifth Third Claim for Relief in the Amended Complaint (Dkt. 86) shall be dismissed pursuant to Federal Rules of Civil Procedure 41(a)(2) by Court order.

4.  The Amended Complaint, Dkt. 86, asserted a First Claim for Relief, pursuant to Section 1557 of the Patient Protection and Affordable Care Act, ("ACA") 42 U.S.C. § 18116. The Ninth Circuit Court has subsequently issued an opinion in *Pritchard v. Blue Cross Blue Shield of Ill.*, 159 F.4th 646, 671 (9th Cir. 2025), which held under the facts presented there was no violation of section 1557. Plaintiffs believe at this time, rather than litigate the merits of the ACA claim, this claim should be dismissed without prejudice on the merits in this action. Therefore, the Plaintiffs agree to stipulate to the following:

a.  The First Claim for Relief in the Amended Complaint (Dkt. 86) shall be dismissed pursuant to Federal Rules of Civil Procedure 41(a)(2) by Court order.

DATED: July 27, 2026

LAW OFFICE OF HOWARD BELODOFF, PLLC


/s/Howard A. Belodoff
HOWARD A. BELODOFF

*Attorney for Plaintiffs*

DATED: July 27, 2026

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

/s/Gregory E. Woodard
GREGORY E. WOODARD
Deputy Attorney General

*Attorney for Defendants*

STIPULATION TO DISMISS THE FIRST, SECOND, AND THIRD CLAIMS FOR RELIEF IN THE AMENDED COMPLAINT [DKT. 86]—2