Outlook

**Fwd: M.H., et al. v. Adams, et al.**

**From** Howard Belodoff <howardbelodoff@idaholegalaid.org>
**Date** Fri 7/31/2026 11:15 AM
**To** Howard <hbelodoff@hotmail.com>

EXHIBIT 14

---------- Forwarded message ---------
From: **Howard Belodoff** <howardbelodoff@idaholegalaid.org>
Date: Mon, Sep 23, 2024 at 5:10 PM
Subject: Re: M.H., et al. v. Adams, et al.
To: Greg Woodard <Greg.Woodard@ag.idaho.gov>
Cc: Jane Gordon <jane@janegordonlaw.com>, James Craig <James.Craig@ag.idaho.gov>, Aaron Green <Aaron.Green@ag.idaho.gov>

Greg: Thanks for the email on the Eleventh Amendment and section 1983 defenses. At this time, it is Plaintiffs' position that the State has waived any potential defenses based upon the 11th Amendment. The additional defense, that a state agency is not a "person" under section 1983, fails to recognize, in addition to requesting relief under 42 USC § 1983, Plaintiffs independently requested relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 and under Fed.R.Civ.Proc. 65.

Defendants' Answer did not raise as an Affirmative Defense 11th Amendment Immunity or that IDHW could not be named as party under section 1983. *See* Answer of Defendants David Jeppesen and Idaho Department of Health and Welfare, Dkt. 49 at 23. Defendants' Answer admitted the Court had jurisdiction under 28 U.S.C. § 1331, federal question jurisdiction under the Constitution and law of the United States, and jurisdiction under 1343(a)(3)-(4), for redress the deprivations, under color of state law, secured by the Constitution or Act of Congress providing for equal rights and to recover damages or to secure equitable relief under an Act of Congress.

Under the Declaratory Judgment Act, the Court has jurisdiction to grant Plaintiffs declaratory relief against IDHW to remedy ongoing violations of Plaintiffs' federal rights. *See Doe v. Gallinot*, 657 F.2d 1017, 1025 (9th Cir. 1988) (the court has the discretion to render a declaratory judgment on the constitutionality of the challenged statutory provisions). *See also Zwickler v. Koota*, 389 U.S. 241, 254 (1967) ("[A] federal district court has the duty to decide the appropriateness and the merits of the declaratory request irrespective of its conclusion as to the propriety of the issuance of the injunction.") (citation omitted).

"Sovereign immunity is quasi-jurisdictional in nature. It may be forfeited where the state fails to assert it and therefore may be viewed as an affirmative defense." *Arizona v. Bliemeister*, 296 F.3d 858, 861 (9th Cir. 2002) (citing *Hill v. Blind Indus. & Servs.*, 179 F.3d 754, 760 (9th Cir. 1999), amended by 201 F.3d 1186 (9th Cir. 2000). Sovereign immunity must be raised "early in the proceedings" to provide "fair warning" to the plaintiff. *Hill*, 179 F.3d at 761. An expressed consent to a court's jurisdiction is not necessary when it submits itself to federal jurisdiction. "[A] state 'waive[s] its Eleventh Amendment immunity by conduct that is incompatible with an intent to preserve that immunity.'" *Arizona v. Bliemeister*, 296 F.3d at 861 (quoting *Hill*, 179 F.3d at 758). The Ninth Circuit has found a waiver of 11th Amendment immunity where state defendants engaged in conduct "incompatible with" an intent to preserve sovereign immunity when they raised a sovereign immunity defense only belatedly, after extensive proceedings on the merits. *Johnson v. Rancho Santiago Cmty. College Dist.*, 623 F.3d 1011, 1021 (9th Cir. 2010).

In the almost two years since the Complaint was filed Defendants had an opportunity to raise defenses under the 11th Amendment but failed to do so. Defendants also failed to object to the naming IDHW as a party under the 11th Amendment or under section 1983. The Defendants have extensively litigated the merits by filing a motion to dismiss contending Plaintiffs' Complaint failed to state a claim under the Equal Protection and Due Process as matter of law. The Motion did not raise a defense under the 11th Amendment or challenge the naming of IDHW as a Defendant under section 1983. The Defendants filed an interlocutory appeal from the Court's denial of qualified immunity. Dkt. 36. On appeal the state argued the law was not clearly established on the merits. Defendants attempted to and failed to certify an interlocutory appeal of the merits and stay

the entire action but did not raise these affirmative defenses. The Court denied the request for certification and a stay. Dkt. 63. Defendants have opposed a TRO under the merits and a Partial Motion for Summary Judgment and are presently conducting discovery. These activities on behalf of IDHW are incompatible with the intent to preserve sovereign immunity and indicated the state was waiving the 11th Amendment defense.

On September 6, 2024, the Ninth Circuit rejected the qualified immunity defense to the Equal Protection claim. The Ninth Circuit's Memorandum also rejected the primary defenses asserted by Defendants to Plaintiffs' Equal Protection claim. *See* Dkt. 63. The Court held "Dr. Hamso violated the transgender Plaintiffs' clearly established right to be treated equally to other, non-transgender Medicaid beneficiaries when seeking coverage for the same medically necessary surgeries." Dkt. 125 at 4-5. The Court found that IDHW's "policy of treating certain surgeries as 'cosmetic' only when treating gender dysphoria creates a classification on the basis of transgender status and sex, which was clearly subject to heightened scrutiny under binding circuit precedent." (citing *Karnoski v. Trump*, 926 1180,1200-01 (9th Cir. 2019)). *Id*. at 5. Additionally, the Ninth Circuit held this case was distinct from *Geduldig v. Aiello*, 484 U.S. 484 (1974). *Id.* Given the state's active and ongoing participation in litigating the case on the merits in the district court and the Ninth Circuit, to allow the state to assert its defense, after the unfavorable Ninth Circuit's decision on the merits, is unjustifiable because "such conduct undermines the integrity of the judicial system" and establishes the Defendants waived any immunity or defenses it had available. *Hill*, 179 F.3d at 756.

Please let me know if you have any further information or cases you want me to consider regarding these issues. Howard

On Wed, Sep 18, 2024 at 3:22 PM Greg Woodard <Greg.Woodard@ag.idaho.gov> wrote:

Counsel,

The Idaho Department of Health and Welfare should be dismissed from the action as it has Eleventh Amendment immunity. "The Eleventh Amendment bars actions against states, state agencies, or departments of a state unless a state waives sovereign immunity or Congress exercises its power to override the immunity." *Trotter v. Hawaii*, 2018 WL 912255 at *4 (D. Hawaii Feb. 15, 2018), citing *Bd. of Trs. of the Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). "Idaho has not waived sovereign immunity for state or constitutional violations." *Richardson v. Idaho Dept. of Health and Welfare*, 2012 WL 667874 at *1 (D. Idaho Feb. 10, 2012) (granting motion to dismiss as to IDHW on Eleventh Amendment grounds).

Moreover, since Plaintiffs' injunctive and declaratory relief claims are based on 42 U.S.C. § 1983 (see First Amended Complaint at par. 156), the claims against IDHW are barred as IDHW is not a "person" under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989) ("a State is not a person within the meaning of § 1983.")

Given IDHW is immune from suit and not a person under § 1983, we are requesting that you agree to dismiss IDHW. If you will not dismiss IDHW, we will file a motion for judgment on the pleadings. *See Trotter*, 2018 WL 912255 (granting motion for judgment on the pleadings against state agencies on Eleventh Amendment grounds).

Please let us know as soon as possible if you will dismiss IDHW.

Greg Woodard | Deputy Attorney General
Civil Litigation and Constitutional Defense
Office of the Attorney General | State of Idaho
O: 208-334-4134 | W: ag.idaho.gov